OPINION
PER CURIAM.
Elizabeth Liggon-Redding appeals pro se from the order of the District Court denying her motion for reconsideration. We will summarily affirm. See 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.
Liggon-Redding submitted a motion to proceed informa pauperis together with a one-page complaint alleging that appellee Roslyn Souser, a physician, “mutilated” her then answered her with a racial slur when she complained. By order entered July 9, 2009, the District Court simultaneously granted Liggon-Redding’s motion to proceed in forma pauperis and dismissed her complaint without prejudice for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Liggon-Redding then timely filed a motion for reconsideration, which we construe as a motion under Rule 59(e), arguing, among other things, that her complaint satisfies the requirements of Rule 8(a). The District Court denied that motion by order entered July 27, 2009, and Liggon-Redding appeals.
Liggon-Redding has appealed the denial of her Rule 59(e) motion, which brings up for review the District Court’s earlier order dismissing her complaint as well. See CTC Imports and Exports v. Nigerian Petroleum Corp., 951 F.2d 573, 577 (3d Cir.1991). Because the District Court’s underlying order merely dismissed the complaint without prejudice, it ordinarily would not constitute a final order. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir.1976). Liggon-Redding’s insistence that her complaint complies with Rule 8(a), however, indicates her intent to stand on it. Thus, we have jurisdiction pursuant to 28 U.S.C. § 1291. See id. at 951-52. We review for abuse of discretion the District Court’s dismissal under Rule 8(a), see In re Westinghouse Secs. Litig., 90 F.3d 696, 702 (3d Cir.1996), and its refusal to reconsider that ruling, see Max’s Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir.1999). We perceive no abuse of discretion here.
The District Court did not specify why Liggon-Redding’s complaint fails to comply with Rule 8(a), but it clearly fails to comply with all three sub-parts of that rule: it fails to plead the grounds for the District Court’s jurisdiction, it fails to state a claim showing that Liggon-Redding is *620 entitled to relief, and it fails to request any particular relief. See Fed.R.Civ.P. 8(a)(1)-(3). Thus, the District Court’s dismissal without prejudice was entirely appropriate. The District Court did not specifically state that Liggon-Redding had leave to file an amended complaint, but we have no concerns in that regard. Liggon-Redding gave no indication in her Rule 59(e) motion that she could or would amend her complaint to assert an actionable claim in compliance with Rule 8(a). To the contrary, her motion indicates that she already has litigated her dispute with Dr. Souser in state court and that she views her federal action as an “appeal” of the state court’s ruling. Under the circumstances, the District Court acted well within its discretion in dismissing the complaint without prejudice, and we will summarily affirm.