BLD-259                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4223
_____

JOSE SANTOS,
                                                    Appellant

v.

STATE OF NEW JERSEY; OFFICE OF THE PROSECUTOR OCEAN VICINAGE;
OFFICE OF THE PUBLIC DEFENDER OCEAN VICINAGE; JUDGE WENDEL E.
DANIELS, both individually and in his professional capacity

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No.3-09-cv-01804)
District Judge:  Honorable Mary L. Cooper

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
August 5, 2010

Before: RENDELL, CHAGARES and VANASKIE, Circuit Judges

(filed: August 31, 2010)
_____

OPINION
_____

PER CURIAM

       Jose Santos, a state prisoner proceeding pro se, appeals an order of the United

States District Court for the District of New Jersey dismissing his civil rights action. We will affirm the judgment of the District Court.

Santos filed a complaint pursuant to 42 U.S.C. § 1983 in District Court against the state court judge presiding over his ongoing criminal proceeding, the state prosecutor, his public defender, and the State of New Jersey. Santos claimed that his Eighth Amendment rights were violated based on the imposition of excessive bail, his Sixth Amendment right to a speedy trial was violated, and his due process rights were violated as a result of the postponement of six hearing dates. Santos also claimed that his counsel was ineffective for failing to object to these violations. In a subsequent letter to the District Judge, Santos complained that the prison where he was confined was interfering with his legal mail.

The District Court screened Santos' complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A. The District Court found the state court judge, the state prosecutor, and the State of New Jersey immune from liability. The District Court also decided that Santos had failed to state a claim against his public defender because his public defender is not a state actor for purposes of § 1983. The District Court further noted that, to the extent Santos' criminal trial is no longer pending, Santos must pursue his ineffective assistance of counsel claims in state court first and then in federal court through a habeas petition. Finally, the District Court ruled that Santos could, if he wished, proceed with a claim for interference with his legal mail by filing an amended pleading naming a proper defendant. The District Court thus dismissed Santos' complaint against the named defendants with

2

prejudice and his claim of interference with his legal mail without prejudice.[1]  Santos

filed the present appeal and did not file an amended complaint.[2]

The District Court did not err in dismissing Santos' claims against the state court

judge based on the judge's immunity from suit, Stump v. Sparkman, 435 U.S. 349, 356-

57 (1978), and the State of New Jersey based on its immunity under the Eleventh

Amendment.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100

(1984).  We also agree with the District Court's conclusion that the state prosecutor is

immune from suit.  Although the factual allegations supporting Santos' speedy trial claim

are unclear, even if he could show that the alleged delays in his case were based on

administrative rather than judicial considerations of the prosecutor, the doctrine of

absolute immunity would apply.  See Van de Kamp v. Goldstein, 129 S. Ct. 855, 861-62

(2009) (applying absolute immunity where the prosecutor's administrative obligation was

directly connected with the conduct of a trial).  Finally, the District Court properly held

that Santos fails to state a claim against his public defender, who is not a state actor for

---

[1]The District Court's order dismisses Santos' claims against the public defender without prejudice.  This portion of the order is inconsistent with the District Court's opinion and appears to be a mistake.  Alternatively, the District Court's order may be construed as dismissing these claims without prejudice to Santos' ability to raise them in a later habeas proceeding.

[2]Santos' notice of appeal was filed after the 30-day time for appeal expired.  See Fed. R. App. P. 4(a)(1).  The District Court, however, later granted Santos' motion to extend the time to appeal under Federal Rule of Appellate Procedure 4(a)(5), properly finding that he met the requirements for such an extension.  Santos' appeal is thus timely.  We also conclude that we have jurisdiction pursuant to 28 U.S.C. § 1291 as this case is distinguishable from Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976) (per curiam).

purposes of § 1983 when performing his traditional functions. <u>See</u> <u>Polk County v.</u> <u>Dodson</u>, 454 U.S. 312, 325 (1981).

Accordingly, because this appeal does not raise a substantial question, we will affirm the District Court's order.