HLD-109(February 2011)                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4494
_____

DAVID ROCKEFELLER,
                                        Appellant
v.

COMCAST CORPORATION;
BRIAN ROBERTS, President/CEO of Comcast
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-06004)
District Judge:  Honorable Joseph E. Irenas
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2011
Before:  MCKEE, Circuit Judge ALDISERT and WEIS, Circuit Judges

(Opinion filed  April 18, 2011)
_____

OPINION
_____

PER CURIAM.

       David Rockefeller appeals pro se from an order dismissing his complaint

for lack of subject matter jurisdiction.  Because no substantial question is presented by

this appeal, we will summarily affirm the order of the District Court.

Rockefeller filed a complaint against Comcast Corporation ("Comcast") and Brian Roberts, Chairman and CEO of Comcast, alleging that Comcast damaged his property, committed fraud and theft, overbilled for services, and fraudulently advertised. Rockefeller demanded $5,000 in damages.

The District Court dismissed the complaint without prejudice. The District Court concluded that it lacked subject matter jurisdiction because the complaint did not allege facts supporting a federal question and the amount in controversy did not exceed $75,000. Rockefeller appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and exercise de novo review over the District Court's order dismissing Rockefeller's complaint for lack of subject matter jurisdiction. See Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007).

The District Court properly concluded that it lacked subjection matter jurisdiction. A federal court has subject matter jurisdiction over civil actions arising under "the Constitution, laws, or treaties of the United States" (federal question jurisdiction) and civil actions between citizens of different states with the amount in

_____

[1] The dismissal necessarily was without prejudice because the District Court did not (and could not) reach the merits of the complaint. There is no indication in the District Court's order that the dismissal was without prejudice because of a defect in the pleading that could be cured by amendment. In any event, Rockefeller's notice of appeal contains argument indicating his intention to stand on his complaint. See Borelli v. City of Reading, 532 F. 2d 950, 951-52 (3d Cir. 1976).

2

controversy exceeding the sum or value of $75,000 (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332(a).

Federal question jurisdiction exists only if a federal question is presented on the face of the complaint. Club Comanche, Inc. v. Gov't of V.I., 278 F.3d 250, 259 (3d Cir. 2002) (citation omitted). In his complaint, Rockefeller alleged that Comcast damaged his property, committed fraud and theft, overbilled for services, and fraudulently advertised. None of these allegations presented a federal question pursuant to § 1331.

Although it appears that there is diversity of citizenship, as Rockefeller is a citizen of New Jersey and Comcast is incorporated in Pennsylvania, the amount in controversy does not exceed the sum or value of $75,000. The complaint demands only $5,000. Thus, Rockefeller cannot establish diversity jurisdiction.

Accordingly, we will affirm the District Court's order dismissing Rockefeller's complaint.