**ALD-297**                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3365
_____

KAMAL KARNA ROY, For Sey and Volunteers Officer of Non Profit Conglomerate &
Associations (17-1 Millions) In Number an Volunteer Fiducial Officer See Page1A For
Details,
Appellant

v.

SUPREME COURT OF UNITED STATES OF AMERICA; HON J. ROBERT, Chief
Judge; PRESIDENT OF THE UNITED STATES OF AMERICA; UNITED STATES OF
AMERICA GOVERNMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 12-cv-04152)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 27, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: October 4, 2012)
_____

OPINION
_____

PER CURIAM.

On July 24, 2012, Kamal Karna Roy of Saranac Lake, New York, filed a pro se civil rights complaint in the United States District Court for the Eastern District of Pennsylvania, naming the Supreme Court of the United States, the Chief Justice of the United States, the President of the United States, the United States Government, and several private companies and universities as defendants. The District Court granted Roy leave to proceed in forma pauperis but immediately dismissed his complaint without leave to amend, citing its incomprehensibility in addition to its failure to conform to the requirements of Federal Rule of Civil Procedure 8(a). Roy timely filed this appeal.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291, given the District Court's dismissal of the complaint without leave to amend. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). We agree with the District Court that the complaint is incomprehensible and that it fails to comply with Rule 8. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). While a court must ordinarily grant leave to amend a deficient complaint, we believe that the District Court was not required to do so under the circumstances presented here. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).