CLD-010                                                       NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2850
_____

LEROY T. MOORE,
Appellant

v.

MIDDLESEX COUNTY PROSECUTORS OFFICE;
CHRISTOPHER KUBERIET;
JENNIFER SESSA, individually and in her official capacity;
BRUCE KAPLAN, in his official capacity

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-11-cv-03879)
District Judge:  Honorable Jose L. Linares

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 12, 2012

Before:  RENDELL, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 2, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

On July 7, 2012, Leroy T. Moore, a state inmate confined at the Northern State Prison in Newark, New Jersey, filed a pro se complaint in the United States District Court for the District of New Jersey, alleging that the Middlesex County Prosecutor's Office, Middlesex County Prosecutor Bruce Kaplan, Assistant Prosecutor Christopher Kuberiet, and Prosecutor's Agent Jennifer Sassa violated his civil rights in connection with his prosecution on multiple drug charges in state criminal court.

Moore's 42 U.S.C. § 1983 complaint alleged that Assistant Prosecutor Kuberiet violated his constitutional rights by continually deceiving the state criminal court by stating that Moore was in possession of "several grams of dope" when he was arrested in 2009 and withholding exculpatory lab reports from both the court and Moore's defense counsel showing that the actual weight of the drugs Moore was in possession of at the time of his arrest was less than one gram. The complaint further alleged that Prosecutor's Agent Sassa conspired with Kuberiet to withhold exculpatory evidence by forwarding a discovery packet to Moore's lawyer without including the exculpatory "lab reports as to the CDS & amount." County Prosecutor Bruce Kaplan was named as a defendant for failing to adequately train and supervise Kuberiet and Sassa. Moore's complaint sought an unspecified amount of compensatory and punitive monetary damages.

On May 10, 2012, the District Court granted Moore leave to proceed in forma pauperis but then sua sponte dismissed his complaint with prejudice as against all defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). In an opinion

2

accompanying the order of dismissal, the District Court explained that Moore's complaint must be dismissed because prosecutors enjoy absolute immunity from claims based on their failure to disclose exculpatory evidence, provided that they did so while functioning in a prosecutorial capacity, and that Moore's complaint did not contain allegations with respect to willful destruction or other aggravating circumstances sufficient to pierce the defendants' absolute prosecutorial immunity. Moore timely filed this appeal.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291, given the District Court's dismissal of Moore's complaint with prejudice. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

State prosecutors are afforded absolute immunity from civil suit under § 1983 for the initiation and pursuit of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Prosecutors also enjoy absolutely immunity for actions undertaken in preparation for judicial proceedings or for trial, provided those actions occur in the course of their role as a prosecutor. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Although a prosecutor's deliberate destruction of exculpatory evidence is not entitled to absolute immunity, the decision to withhold such evidence from the defense while functioning as an advocate for the state is protected by absolute immunity. Imbler, 424 U.S. at 431-32 n.34; Yarris v. Cnty. of Delaware, 465 F.3d 129, 137 (3d Cir. 2006).

Supervisory prosecutors are absolutely immune both from suits for acts undertaken in relation to an individual trial, and from suits charging that they failed to provide adequate training and supervision. Van de Kamp v. Goldstein, 555 U.S. 335,

3

346-49 (2009). The employee of an attorney, including the employee or agent of a prosecutor, is also granted absolute immunity from § 1983 suits where the function of the employee and the judicial process are closely allied. Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975). This Court has held, for example, that absolute immunity extends to employees of prosecutors who perform investigative work in furtherance of a criminal prosecution. Davis v. Grusemeyer, 996 F.2d 617, 631-32 (3d Cir. 1993).

We agree with the District Court that Moore's complaint seeks monetary relief from defendants who are absolutely immune from suit under § 1983, and that dismissal under sections 1915(e)(2)(B)(iii) and 1915A(b)(2) was therefore proper. Moore sought money damages from a prosecutor, his supervisor, and his agent, each of whom is immune from such relief under settled law. Moreover, we detect no abuse of discretion in the District Court's decision to dismiss the complaint without offering leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-11 (3d Cir. 2002). For all of these reasons, we will therefore summarily affirm the judgment of the District Court.