Mrs. Carmella M. BORELLI, Appellant,

v.

CITY OF READING et al., Appellees.

No. 75-1789.

United States Court of Appeals, Third Circuit.

Argued Feb. 3, 1976.

Decided March 31, 1976.

William R. Mosolino, Orwigsburg, Pa., for appellant.

Robert T. Miller, Charles H. Weidner, Stevens & Lee, Reading, Pa., for appellees, City of Reading and Redevelopment Authority of the City of Reading.

Carl Strass, Robert A. Kerry, Dept. of Justice, Washington, D. C., Walter Kiechel, Jr., Acting Asst. Atty. Gen., Washington, D. C., Robert E. J. Curran, U. S. Atty., Philadelphia, Pa., William J. McGettigan, Asst. U. S. Atty., Philadelphia, Pa., for appellee, Dept. of H.U.D.

Before SEITZ, Chief Judge, and VAN DUSEN and WEIS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

■ Settled policy in the federal courts discourages piecemeal appeals and, so, generally recourse may be had to appellate tribunals only when final orders are the subject of review. While the inevitable exceptions exist, none are applicable to the appellant here. Accordingly, we must dismiss this appeal from orders dismissing the complaint without prejudice and denying plaintiff's motion for summary judgment.

With the aid of funds supplied by the Commonwealth of Pennsylvania and the United States Department of Housing and Urban Development, the Redevelopment Authority of Reading began work on a project to rehabilitate part of the downtown area. The plaintiff, who owns her home in the redevelopment area, opposed the proposed changes in her neighborhood and filed suit in the district court. She asked for injunctive and declaratory relief, contending that H.U.D. failed to comply with the National Environmental Policy Act of 1969, 42 U.S.C. § 4321 *et seq.* After the parties had served and answered interrogatories, both sides moved for summary judgment. The district court ruled that the defendants' motion insofar as "they allege plaintiff's lack of standing is granted and the complaint will be dismissed without prejudice." Plaintiff's motion was denied. The plaintiff did not file an amendment to her complaint but instead took this appeal from both adjudications.

The defendants' motion for summary judgment in substance alleged that they had conformed to the applicable legal requirements, that plaintiff was bound by reason of res judicata because of a ruling in a suit filed in the state court, and that she lacked standing to sue. The district court passed only upon the last contention, noting that in her complaint plaintiff did not assert "injury in fact" within the scope of N.E.P.A., nor did she allege irreparable injury in requesting injunctive relief.

■ The question of standing is generally determined from the face of the complaint, *Schiaffo v. Helstoski*, 492 F.2d 413 (3d Cir. 1974). If the averments are not sufficient, the trial court may require the plaintiff to supply further particularized allegations of fact by amendment to the complaint or by affidavits. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Although the district court's order did not mention amendment, an implicit invitation to amplify the complaint is found in the phrase "without prejudice."[1]

■ Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action. Only if the

---

1. Since it may be difficult to determine whether the district court thought an amendment was possible and whether the plaintiff is willing or able to amend, we suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismiss-

al of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable. *Azar v. Conley*, 480 F.2d 220 (6th Cir. 1973); *Grantham v. McGraw-Edison Co.*, 444 F.2d 210 (7th Cir. 1971); *Hurst v. California*, 451 F.2d 350 (9th Cir. 1971).

■ Here, the plaintiff took no action in response to the district court's order other than to file a notice of appeal. She has not taken the position that she must stand on the original complaint because it cannot be amended. Indeed, during oral argument in this court, the possibility of an amendment alleging increased air pollution was discussed.[2] What other factual averments plaintiff might be able to include in her complaint we need not consider at this juncture. That is more properly a matter for her and counsel to ponder. We need go no further than to note that we are not confronted with a situation where it is not possible to amend the complaint in any relevant respect. The dismissal of the complaint without prejudice is not a final order on the facts presented by this record and, accordingly, is not appealable.

Having found that the plaintiff lacked standing, the district court should not have passed upon her motion for summary judgment. That being so, we do not discuss it here.

The appeal will be dismissed.

---

2. It appears that one feature of the redevelopment project is the enlargement of a tannery in the community. If the expansion of this industry would intensify the discharge of foreign substances into the air, the environmental quality of life in the plaintiff's neighborhood would be affected. To this extent, the plaintiff would have an interest in Authority action which failed to consider the possibility of increased air pollution.