

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2006

# Graham v. Ferguson

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1479

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Graham v. Ferguson" (2006). *2006 Decisions*. Paper 1592.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1592

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 04-1479

———————

RAFIEEK GRAHAM,

Appellant

v.

GLEN FERGUSON, Clinical Director; GRACE ROGERS, Administrator; ANGEL L.
SANTIAGO, Assistant Superintendent; JONATHAN SIMMS, Program Coordinator;
JOHN VERNEY, Program Coordinator; CATHRYN BUCHANON, Lieutenant;
ROBERT KENT, Lieutenant; JOHN COLLINS, Sergeant; GENE PRINCE, Sergeant;
MUNEZ, Corrections Officer; SUMMERS, Corrections Officer; E. OST, Corrections
Officer; GUROYONI, Corrections Officer; NIKISCHER, Corrections Officer; A. CRUZ;
FRANK NOVELLO, Corrections Officer; JOHN CIRIGLIANO, Corrections Officer;
DAVID STARCHER, Occupational Therapist; SHANTAY BRAME, Clinical Social
Worker; CAROL BYNUM, Nurse 1st shift; BOOKER, Correctional Officer; FALDUTO,
Corrections Officer COLLECTIVELY AND IN THEIR INDIVIDUAL CAPACITIES

———————————————————————

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-04925)
District Judge: William G. Bassler

———————————————————————

Submitted Under Third Circuit L.A.R. 34.1(a)
November 14, 2005

ROTH, RENDELL and AMBRO, <u>CIRCUIT JUDGES</u>

(Filed:  February 14, 2006)

PER CURIAM

Appellant Rafieek Graham appeals from a District Court order dismissing his complaint without prejudice. We will dismiss the appeal for want of jurisdiction.

I.

Appellant Rafieek Graham is civilly committed at a special treatment unit in Kearny, New Jersey pursuant to New Jersey's Sexually Violent Predator Act. N.J. Stat. Ann. § 30:4-27.24 to -27.38. On October 11, 2002, he filed a complaint under 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey. Graham named twenty-two defendants alleging First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment violations for repeated strip searches and room searches, deprivations of property, denial of access to legal material, and the denial of treatment made available to other civilly committed sexually violent offenders. On July 25, 2003, the State Defendants moved to dismiss the complaint for failure to state a claim. In support, the Defendants filed a brief and appendix amounting to three volumes of evidence and argument. Subsequently, Graham filed a packet of information in support of his claims, but he did not respond to the motion to dismiss.

Without opinion, the District Court issued a two-page order granting the State

Defendants' motion to dismiss and dismissed the complaint without prejudice.[1]  After the dismissal, Graham sent a letter to the Court in which he explained that he received only the envelope, but not the Defendants' motion to dismiss.  He also indicated that he wished to appeal the dismissal.  Graham did not serve a copy of the letter on the Defendants.  The District Court then entered a letter order on February 11, 2004, explaining that although Graham was required to serve the Defendants with any filings, the Court would effectuate service in this instance.  The letter order also informed Graham that his letter would be construed as a motion for reconsideration.[2]

On February 17, 2004, Graham filed a notice of appeal stating his intent to appeal the "letter of appeal" entered February 11, 2004, which we assume refers to the District Court's letter order.  This Court issued a letter informing him that the appeal would be submitted for dismissal for a possible jurisdictional defect under Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976) (per curiam).  After further review, a letter was sent informing the parties that the reason for the District Court's order dismissing the complaint without prejudice is unclear.  We directed the parties to address the question of appellate jurisdiction in their briefs.

II.

---

[1]  The District Court order does not mention Defendant Carol Bynum.

[2]  To this date, the District Court has not acted on the motion for reconsideration.  Further, the docket does not reflect that the letter was ever entered as a motion for reconsideration.  Rather, the letter is entered on the docket as "appeal of Court's order."  Thus, it appears that a motion for reconsideration was never filed by the Clerk.

Ordinarily, an order is not final and appealable if it does not end the litigation with respect to all claims and to all parties.  See 28 U.S.C. § 1291; Republic Nat'l Gas Co. v. Oklahoma, 334 U.S. 62, 68 (1948).  The Appellees argue that because the District Court's order was entered without prejudice, the order is not final or appealable and we lack jurisdiction.  See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam).  However, Graham appeals from the District Court's February 11, 2004, letter order, which does not implicate Borelli.[3]

The District Court's letter order specifies that Graham's February 4th letter will be construed as a motion for reconsideration.  The District Court Clerk, however, failed to record that Graham's letter was to be so construed.  This appears to be a clerical error.  Under District of New Jersey Local Rule of Civil Procedure 7.1(i), a motion for reconsideration from any order or judgment must be filed within ten-business days.  Graham filed a timely motion.  Although the District Court docket does not reflect any further motions upon which the Court must act, by the District Court's own decree, a motion for reconsideration is still pending.

---

[3]  As mentioned above, Nurse Bynum was not included in the District Court's order dismissing the complaint.  However, this appears to be a clerical oversight, not an intentional omission.  The State Defendants' motion to dismiss curiously fails to name nurse Bynum, but refers to the Defendants collectively as the "State Defendants."  The District Court adopted the term and dismissed the complaint against the "State Defendants."  It appears that Bynum, a treatment center employee, is probably a State Defendant, and was accidentally omitted from the motion, order, and subsequent documents. Thus, it is likely that Nurse Bynum was intended to be included in the dismissal and does not preclude jurisdiction.

An order construing a filing as a motion for reconsideration in this instance does not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Rather, it specifically suggests that a decision on the motion will be issued. Further, it does not fall under the collateral order doctrine because the order is not "important in a jurisprudential sense." Praxis Props., Inc. v. Colonial Sav. Bank, S.L.A., 947 F.2d 49, 56 (3d Cir. 1991) (citations and internal quotations omitted). The time for filing a notice of appeal does not commence until the District Court issues an order disposing of the motion. See Fed. R. App. P. 4(a)(4). Accordingly, the order is not appealable until the District Court rules on the motion.[4]

For the foregoing reasons, there is no final or appealable order at this time. We will dismiss the appeal for lack of Jurisdiction.

---

[4] Even if Graham intended to appeal the order dismissing the complaint without prejudice, the filing of a timely motion for reconsideration prevents the notice from taking effect until an order disposing of the motion is entered. See Fed. R. App. P. 4(a)(4)(B)(i).