

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2006

# Parris v. Chavez

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1301

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Parris v. Chavez" (2006). *2006 Decisions.* Paper 326.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/326

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-344                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 06-1301
_____

MELVILLE A. PARRIS; MICHAEL JAMES; KEVIN LAVILLE;
TREVOR DORSETT; JAMES WHITTED; DERYCK JACKSON;
ELROY DOWE; RUSSELL E.D. ROBINSON; CARTER MAGLORIE;
RICKENSON SOUFFRANT; ALEX HODGE; OSCAR CAIN; LEON NESBITT

v.

RICARDO CHAVEZ; MICHAEL SMITH; A. RIVERA; TANIA M. MACIAS
HARLEY G. LAPPIN; ATTORNEY GENERAL OF THE UNITED STATES;
U.S. MARSHAL SERVICE

Melville A. Parris,
Appellant

_____

On Appeal From the District Court
For the District of the Virgin Islands
(D.C. Civ. No. 05-cv-0059)
District Judge:  Honorable James T. Giles

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 28, 2006

BEFORE:  SLOVITER, McKEE and FISHER, CIRCUIT JUDGES

(Filed October 13, 2006)
_____

OPINION
_____

PER CURIAM

The appellants, current and former inmates at the Metropolitan Detention Center (MDC) Guaynabo in San Juan, Puerto Rico, appeal from the District Court's order dismissing their complaint for lack of jurisdiction and denying their application to proceed *in forma pauperis* ("IFP"). For the following reasons, we will vacate and remand.

In May 2005, the plaintiffs filed an action in the District Court for the District of the Virgin Islands alleging that their constitutional rights were violated by officials and employees of the prison, the United States Attorney General, and the United States Marshals Service.[1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The District Court sua sponte dismissed the complaint without prejudice for lack of jurisdiction, noting that the plaintiffs' claims "must be filed in the judicial district where [they] are being held in custody, that is, the United States District Court for the District of Puerto Rico." The plaintiffs appealed.[2]

A district court's habeas jurisdiction is "territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district." Yi v. Maugans, 24 F.3d 500, 503 (3d Cir. 1994); see also Braden v. 30th Judicial Circuit

---

[1]In particular, the plaintiffs claimed that they were subject to racial and religious discrimination, that they were precluded from making unmonitored telephone calls to their attorneys, that their access to the law library was restricted, and that they had been denied adequate medical care.

[2]Although the dismissal of the complaint in this case without prejudice, the order is final and appealable because, under the District Court's reasoning, the plaintiffs could not amend their filing to remedy the problem that prompted the dismissal. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam).

2

<u>Court</u>, 410 U.S. 484, 493-95 (1973) (holding that habeas jurisdiction is proper where court issuing writ has jurisdiction over custodian). Therefore, if the plaintiffs were pursuing habeas relief pursuant to 28 U.S.C. § 2241, the District Court's order may have been proper. The plaintiffs, however, sought damages for alleged violations of their constitutional rights arising from their confinement in the Metropolitan Detention Center (MDC) Guaynabo. With such claims, jurisdiction over the person and subject matter is governed by standards separate from those applicable to habeas review. Cf. <u>Van Dinh v. Reno</u>, 197 F.3d 427, 431 (10th Cir. 1999) (stating that "[e]ven if the district court had jurisdiction to hear [the] original habeas claims . . . that jurisdiction did not automatically extend to the <u>Bivens</u> class action which raised totally different issues.").

Because we conclude that the District Court applied an incorrect jurisdictional standard, we will summarily vacate the District Court's December 27, 2005 order, and remand for further proceedings consistent with this opinion.[3] Without expressing any opinion as to the merits, we note that nothing in the record suggests that a remand would be futile.

---

[3]To the extent that the District Court denied the plaintiffs' motion to proceed IFP because they did not provide information sufficient to determine whether they qualify for IFP status, the plaintiffs may attempt to cure the defect by submitting a complete IFP application on remand.