NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1992
_____

TOM LOCKHART,

Appellant

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:08-cv-00993)
Honorable Terrence F. McVerry, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
December 17, 2010

BEFORE:  SLOVITER, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Filed:  February 8, 2011)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on plaintiff Tom Lockhart's appeal from

an order of the District Court entered on March 17, 2010, involving claims for breach of

contract and bad faith refusal to provide insurance coverage for a property loss that

Lockhart claims to have suffered. The District Court entered the order in favor of Lockhart's insurer, defendant State Farm Mutual Automobile Insurance Company, dismissing, on Lockhart's motion, his breach of contract claim after the Court on February 16, 2010, granted State Farm summary judgment on Lockhart's bad faith claim. The Court entered the order of February 16, 2010, to implement its memorandum opinion of that day in which, though it granted State Farm summary judgment on Lockhart's bad faith claim, it denied State Farm summary judgment on his breach of contract claim. Lockhart explains in his brief that he sought entry of the March 17, 2010 order to make the February 16, 2010 order, which granted summary judgment against him on his bad faith claim, final and appealable.[1] Consequently, the appeal really is from the order of February 16, 2010, on the bad faith claim.

The District Court had jurisdiction in this diversity of citizenship action under Pennsylvania law, removed from a Pennsylvania state court under 28 U.S.C. § 1332 and we have jurisdiction under 28 U.S.C. § 1291. The parties agree that Pennsylvania law governs this action. We exercise plenary review over the order for summary judgment and thus can affirm only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

---

[1] The March 17, 2010 order did not make the February 16, 2010 order appealable because the District Court entered the March 17, 2010 order under Fed. R. Civ. P. 41(a)(2) and did not dismiss the case with prejudice. See Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976) (per curiam). But on March 18, 2010, on State Farm's motion, the Court modified the March 17, 2010 order so that the dismissal on March 17, 2010, was with prejudice. At that point Lockhart could appeal from the February 16, 2010 order.

movant [State Farm] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir. 2009).

The District Court set forth the facts of the case in detail in its memorandum opinion of February 16, 2010, and thus we need not repeat them at length. It is sufficient to recite that Lockhart owned a 2006 Dodge Ram Pickup Truck that State Farm insured against theft and that Lockhart claimed that an unknown person stole the vehicle on May 20, 2007. It is undisputed that the vehicle has not been recovered. The State Farm policy included standard provisions providing that there would not be coverage if the vehicle was stolen "by or at the direction of an Insured" or if the insured "made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under [the] policy." App. at 514-15.

Following the theft, Lockhart made a claim on his State Farm policy for the loss that he attributed to the theft. State Farm, however, after investigation, rejected the claim as fraudulent for it did not believe that someone had stolen the vehicle without Lockhart's knowledge. Lockhart then initiated this action.

After our review of this matter we are in full accord with the order and opinion of the District Court granting summary judgment to State Farm on Lockhart's bad faith claim. We, however, make the following comments about the case. Lockhart brought the bad faith aspect of this action under Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371 (West 1998). Although the statute does not define "bad faith," the Pennsylvania courts have defined that term in numerous opinions. Therefore, not surprisingly, the parties agree on the legal standards governing this action.

3

Pennsylvania case law makes it clear that a party seeking to prove a bad faith claim must establish by clear and convincing evidence that the insurance company acted in bad faith without a reasonable basis for denying the claim, and that it knowingly or recklessly disregarded its lack of a reasonable basis to do so. Accordingly, to establish that the insurer acted in bad faith the insured must demonstrate that the insurance company acted frivolously with a dishonest purpose and breached its known duty. See, e.g., Nordi v. Keystone Health Plan West Inc., 989 A.2d 376, 384 (Pa. Super. Ct. 2010); Brickman Grp., Ltd v. CGU Ins. Co., 865 A.2d 918, 930 (Pa. Super. Ct. 2004). Our cases, appropriately following Pennsylvania law, set forth the same standards for a Pennsylvania bad faith action. See, e.g., W.V. Realty Inc. v. Northern Ins. Co., 334 F.3d 306, 312 (3d Cir. 2003); Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 751-52 (3d Cir. 1994). Here, the District Court's comprehensive analysis led it to conclude that the record could not support a finding that State Farm acted in bad faith and, exercising plenary review, we agree with that conclusion.

Lockhart predicates his challenge to the District Court's conclusions on two bases. First, he contends that the Court dismissed his bad faith claim because it made a credibility determination that it believed State Farm's purported reasons for its denial of his claim even though there was evidence supporting a conclusion that State Farm rejected his claim for other reasons. In particular, Lockhart views the record as supporting a conclusion that State Farm "was denying [his] claim out of spite for a claim that it had paid four years prior." Appellant's br. at 16. Lockhart's earlier claim was similar to the one involved here as he made it to recover for the loss that he claimed to

4

have suffered when he reported that a vehicle he owned and State Farm insured had been stolen. Thus, Lockhart contends that State Farm acted in bad faith in rejecting his current claim and that there was a genuine dispute of material fact on the summary judgment motion. Therefore, he argues that the Court should not have granted summary judgment against him.

Lockhart's second challenge to the summary judgment is that the District Court erred because it disregarded the report of his expert witness, Robert Garvin, that Lockhart submitted to the Court in opposition to State Farm's summary judgment motion. Garvin's report included his opinion that State Farm did not have a legitimate reason to deny Lockhart's claim and that it was motivated to do so in retribution for having paid Lockhart's prior claim. Thus, Lockhart's second challenge is related to his first challenge. We review the Court's treatment of Garvin's report for an abuse of discretion. See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 138-39, 118 S.Ct. 512, 515 (1997).

Lockhart's objections are not meritorious. In support of his contention that State Farm acted out of spite, Lockhart points to an internal State Farm communication in which its author indicated that he could not "reward another fraudulent claim from [Lockhart]." App. at 38. It is difficult to understand why Lockhart believes that this communication shows that State Farm acted out of spite in denying his current claim. Though we do not doubt that State Farm was annoyed because it had paid the earlier claim that it had come to believe was fraudulent, its internal communication demonstrates in unmistakable terms that it believed that Lockhart's current claim was fraudulent. Accordingly, inasmuch as there were objective reasons for State Farm to challenge

5

Lockhart's current claim to which the District Court referred in its opinion and which we need not repeat, State Farm did not act in bad faith when it rejected the claim.

Moreover, we see no reason to conclude that the District Court should have given Garvin's report any weight when making its decision. A court considering a bad faith claim on a summary judgment motion should determine whether the facts of the case could demonstrate that the insurance company acted in bad faith in refusing to pay the claim. The Court here did consider the facts and then came to the conclusion that they could not support a conclusion that State Farm acted in bad faith. As we have indicated, we have come to the same conclusion and, in reaching our conclusion, we do not make any credibility determinations.

We, of course, realize that under Fed. R. Evid. 702 "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert of knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise," provided that there is a foundation for his testimony. Yet the District Court, and we for that matter, no more was assisted by Garvin's opinion on the bad faith issue than a court when considering a motion to suppress evidence seized in a search pursuant to a warrant would be assisted by expert testimony on the issue of whether the court that issued the search warrant had probable cause to do so.

For the foregoing reasons and for the reasons the District Court set forth in its February 12, 2010 opinion, the orders of February 16, 2010, and March 17, 2010, as modified on March 18, 2010, will be affirmed.