**ALD-135**                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4498
_____

RICHARD ROCHE,
                                    Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-04237)
District Judge:  Honorable Dickinson R. Debevoise
_____

Submitted for Possible Dismissal due to a Jurisdictional Defect
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed: March 21, 2011 )
_____

OPINION
_____

PER CURIAM

Richard Roche appeals pro se from an order dismissing his filing titled "Notice of

Correction and Issuance of Certificates."  Because no substantial question is presented by

1

this appeal, we will summarily affirm the order of the District Court.  <u>See</u> 3d Cir. LAR 27.4; I.O.P 10.6.

Richard Roche, Abdiel Fermin Avila, and Felix Roche jointly filed a document in District Court, requesting that their citizenship status be corrected[1] and that they each be issued a certificate of naturalization.

The District Court interpreted the pleading as challenging three separate immigration and naturalization decisions and determined that each petitioner should file a separate pleading.  By order entered on October 19, 2010, the District Court construed the pleading as a habeas petition filed solely by Richard Roche, terminated Avila and Felix Roche as parties, and ordered that the Clerk open two separate civil matters for the terminated parties.  The District Court dismissed Richard Roche's petition without prejudice to his filing of an amended petition that clearly identified the particular naturalization determination he wished to challenge, noting that district courts have limited authority to review challenges to naturalization determinations.  The District Court ordered the Clerk to administratively close the file and stated that, if Richard Roche did file an amended petition within 30 days, the District Court would reopen the file and address the allegations set forth in the amended petition.

Richard Roche did not file an amended petition.  Instead, he filed a notice of rejection and correction, stating that he rejected the District Court's memorandum

---

[1] Attachments to the pleading include declarations by Richard Roche and Avila renouncing their United States citizenship.

opinion and order, which he interpreted as a contract. [2] Richard Roche then filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291,[3] and we exercise de novo review over the District Court's order dismissing Roche's initial pleading. See Great W. Mining & Mineral Co. v. Fox Rothchild LLP, 501 F.3d 271, 275 (3d Cir. 2007).

The District Court properly dismissed Roche's petition. Because district courts have limited jurisdiction over citizenship and nationality claims, see 8 U.S.C. § 1252(b)(5), and Richard Roche failed initially and refused to amend to clearly explain his citizenship and naturalization claims, the District Court was unable to determine whether it had authority to act on Roche's pleading. Accordingly, the District Court properly dismissed the petition without prejudice.

As no substantial question is presented in this appeal, we will affirm the District Court's order dismissing Roche's petition.

---

[2] It appears from previous filings that Richard Roche is a participant in the sovereign citizen movement. See C.A. No. 10-4415. His response to the District Court's order does not constitute a motion for reconsideration that would toll the time to appeal.

[3] Although his initial pleading was dismissed without prejudice, Roche rejected the District Court's opinion and order, failed to file an amended pleading within 30 days of the District Court's order, and filed a notice of appeal, thereby declaring his intention to stand on his initial pleading. See Borelli v. City of Reading, 532 F. 2d 950, 951-52 (3d Cir. 1976).