DLD-192                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4337
_____

HOWARD L. HILL, II,
                                        Appellant

v.

ATTORNEY GENERAL UNITED STATES OF
AMERICA; CHARLES E. SAMUELS, Director of
Bureau of Prisons; WARDEN D. SCOTT DODRILL,
Assistant Director of Correctional Programs Division;
HARRELL WATTS, General Counsel, Central Office;
WARDEN J.E. THOMAS, United States Penitentiary,
Lewisburg, Special Management Units
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-12-cv-02268)
District Judge: Honorable Richard P. Conaboy
_____

Submitted for Possible or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 11, 2013

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 9, 2013)
_____

OPINION
_____

PER CURIAM

Appellant Howard Hill, II, appeals an order of the District Court denying his habeas corpus petition, 28 U.S.C. § 2241, without prejudice to any right he may have to reassert his claims in a properly filed civil rights action. For the reasons that follow, we will summarily affirm.

Hill, a federal prisoner confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed his habeas corpus petition in the United States District Court for the Middle District of Pennsylvania, asserting that he was "a Mental Health Prisoner" who was placed in the Special Management Unit ("SMU") upon his transfer to USP-Lewisburg in May, 2011. Hill claimed that his ongoing placement in the SMU, which resulted from disciplinary proceedings at his former place of incarceration, is unlawful under the Administrative Procedures Act ("APA"), 5 U.S.C. § 553. He argued that the creation of the SMU was undertaken by the Bureau of Prisons without proper publication, notice to prisoners, and an opportunity for comment, all as required by the APA. Moreover, the conditions in the SMU are deficient with respect to the amount and type of mental health care provided, among other things. Hill sought declaratory and injunctive relief, including his immediate transfer into the general population.

In an order entered on November 16, 2012, the District Court denied the petition without prejudice, reasoning that habeas corpus review is available only where the deprivation of constitutional rights impacts the fact or length of the prisoner's detention, Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). Hill's claims did not meet this test. He did not claim entitlement to a speedier release from custody, nor was he challenging the legality of his present

2

incarceration.  Moreover, although section 2241 allows a prisoner to challenge the execution of his sentence, Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005), Hill did not contend that he had been sanctioned to a loss of good conduct time.  Rather, his challenge was to the conditions of his confinement in the SMU, which must be raised in a properly filed civil rights action.

Hill appeals.  We have jurisdiction under 28 U.S.C. § 1291.[1]  The parties were advised that we might act summarily to dispose of this appeal, and were invited to submit argument in writing.  Hill has submitted argument which we have considered.  Specifically, he argues that he may bring his claims under the APA in a petition for writ of habeas corpus, citing Pimental v. Gonzalez, 367 F. Supp.2d 365 (E.D.N.Y. 2005), and he argues that USP-Lewisburg's SMU program violates the APA.  He disagrees with the District Court that his real challenge is to the BOP's housing determination in his case and the conditions of his confinement.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6.  We agree with the District Court that Hill's claim, if successful, would not result in his speedier release from custody; it thus does not lie at "the core of habeas corpus."  Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).  See also Leamer, 288 F.3d at 542-44.  Nor does Hill's claim fall within the narrow jurisdictional ambit of Woodall, 432 F.3d 235.  In Woodall, we addressed whether a challenge to BOP regulations that limited a prisoner's placement in community confinement to the lesser of ten percent of his total sentence or six months was cognizable in federal habeas corpus.  We

---

[1] The District Court's order dismissing the habeas corpus petition without prejudice is final and appealable because the deficiency in the petition cannot be corrected without affecting the cause of action, see Borelli v. City of Reading, 532 F.2d 50, 51 (3d Cir. 1976).

held that it was a proper challenge to the execution of a prisoner's sentence because placement in the community is something more than a simple transfer from one prison to another or from one unit to another. Pimental, 367 F. Supp.2d 365, on which Hill relies, also involved a challenge to the BOP's rule that categorically limited a prisoner's community confinement to the last 10% of his sentence, not to exceed six months.

Hill's claims, in contrast, are not a challenge to the execution of his sentence and are not cognizable in federal habeas corpus because he seeks to invalidate procedures used to confine him in the SMU. Success for him means at most that he would be released into the general population; it would not mean a shorter stay in prison or placement in the community. Accordingly, section 2241 is not available to him to bring the APA claims.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Hill's petition for writ of habeas corpus without prejudice.