**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3304

_____

WAYNE O. AULTMAN,
                                                    Appellant
                              v.

COMMUNITY EDUCATION CENTERS INC.;
JOHN A. REILLY, JR., Superintendent;
CAMRON LINDSAY, Warden; LISA MASTRODI, Business Manager;
DANA KEITH, Law Librarian; JOHN DOES 1-100

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:13-cv-06332)
District Judge:  Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2015

Before:  RENDELL, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed:  April 2, 2015)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Wayne Aultman appeals from the United States District Court for the Eastern District of Pennsylvania's May 27, 2014 dismissal of his amended complaint filed pursuant to 42 U.S.C. § 1983. We will vacate in part and affirm in part the District Court's order.

## I.

According to Aultman, from September 2011 to December 2012, he was an inmate at the George W. Hill Correctional Facility ("the Facility") in Delaware County, Pennsylvania. In November 2013, Aultman filed a § 1983 complaint in the District Court against (1) the for-profit company that manages the Facility; (2) the Facility's warden, superintendent, business manager, and law librarian; (3) the Solicitor for the Delaware County Board of Prison Inspectors; and (4) John Does 1-100. In essence, Aultman asserted that the defendants violated his constitutional rights by: (1) levying a $100 fee against his inmate account without a pre-deprivation hearing or adequate post-deprivation procedures; (2) denying him access to the courts due to the inadequacy of the law library and its staff; and (3) providing the inmates housed in the "DUI/Pre-[r]elease building" with less recreational time, smaller food portions, and less access to legal research than inmates housed in other parts of the Facility.

The defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On February 18, 2014, the District Court granted those motions

without prejudice to Aultman's ability to correct the deficiencies in his original complaint by filing an amended complaint. The District Court explained that Aultman had not adequately alleged that the prison's deduction of $100 from his inmate account constituted a Fourteenth Amendment due process violation because he had not asserted that the Facility lacked an adequate grievance process. Aultman's access-to-courts claim was determined to be deficient because he had not alleged that he was injured or prejudiced by the alleged inadequacy of the law library and its employees. Finally, as to his equal protection claim concerning inmates housed in the DUI/Pre-release unit, Aultman failed to assert that (1) the intentional treatment of those inmates was different from others similarly situated, and (2) there was no rational basis for the alleged difference in treatment.

Aultman filed an amended complaint in March 2014, raising the three claims from his original complaint. In reasserting his claim about the $100 fee, he alleged, for the first time, that he had not received notice that the fee would be deducted from his inmate account. Once again, the defendants moved to dismiss under Rule 12(b)(6).[1] On May 27, 2014, the District Court granted the defendants' motions without prejudice to Aultman's ability to file a second amended complaint, concluding that Aultman's amended complaint had not corrected the deficiencies of the original complaint. As to Aultman's due process claim, the District Court stated that his "conclusory allegation that the [Facility's] grievance procedure was 'inadequate' is insufficient in light of (1)

---

[1] The Solicitor for the Delaware County Board of Prison Inspectors was not named as a defendant in the amended complaint.

3

overwhelming authority to the contrary, and (2) the 85 pages of inmate grievance forms [Aultman] attached to his Amended Complaint and evidently filed during his tenure at [the Facility]." (Dist. Ct. Order entered May 27, 2014, at 1-2.) The District Court also determined that Aultman's access-to-courts and equal protection claims failed for the same reasons noted in its February 18, 2014 order. Although the District Court gave Aultman another opportunity to amend his complaint, Aultman declined to do so, and now appeals.

## II.

We have jurisdiction to review the District Court's May 27, 2014 order dismissing Aultman's amended complaint under 28 U.S.C. § 1291.[2] We exercise plenary review over a district court's decision to grant a Rule 12(b)(6) motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, an amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

[2] While an order dismissing a complaint without prejudice is generally not a final, appealable order, it becomes so "if the plaintiff cannot amend or declares his intention to stand on his complaint." Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). Because Aultman elected to stand on his amended complaint, the District Court's May 27, 2014 order is a final, appealable order.

The District Court properly dismissed Aultman's access-to-courts claim. The First and Fourteenth Amendments to the Constitution provide prisoners the right of access to the courts to directly or collaterally challenge their sentences or conditions of confinement. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam) (citing Lewis v. Casey, 518 U.S. 343, 346, 354-55 (1996)). To establish that this right has been violated, the plaintiff is required to plead, among other things, that he or she has been actually injured. Id. Such an injury occurs when the prisoner has lost the opportunity to pursue a "'nonfrivolous'" or "'arguable'" underlying claim. Id. (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). Here, despite two opportunities to do so, Aultman did not allege such an injury. Accordingly, this claim was properly dismissed. See id. at 205-06 (explaining that a prisoner's complaint must describe the "lost remedy").

We also agree with the District Court's dismissal of Aultman's equal protection claim. "To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiffs must prove the existence of purposeful discrimination." Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 196 (3d Cir. 2009) (quotation marks omitted). This required Aultman to plead, among other things, that he was treated differently from similarly situated persons. See id. Because he did not do so, the District Court properly dismissed Aultman's equal protection claim.

Dismissal was not warranted, however, as to Aultman's due process claim concerning the Facility's $100 fee. Procedural due process guarantees that a state will not deprive an individual of a protected interest in property without due process of law,

see Parratt v. Taylor, 451 U.S. 527, 537 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986), and it is well established that a prisoner has a property interest in the money in his inmate account. See, e.g., Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 421 (3d Cir. 2000). As to the process required before a prison deducts money from inmates' accounts, we have held that, when deductions "involve routine matters of accounting based on fixed fees," a pre-deprivation hearing is not required. Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 484 (3d Cir. 2014) (internal quotation marks omitted). "[H]owever, inmates are entitled to some pre-deprivation notice of the prison's deduction policy." Id. Where the inmate receives pre-deprivation notice, an adequate post-deprivation remedy, such as a grievance program, will satisfy due process. See Tillman, 221 F.3d at 422.

According to Aultman's amended complaint and the documents attached thereto, the fee at issue in this case is a processing fee that is assessed against all inmates upon their arrival at the Facility.[3] As such, it is a "routine matter[] of accounting," which does not require a pre-deprivation hearing. See id. Aultman was entitled, however, to pre-deprivation notice of the fee and an adequate post-deprivation process. See Montanez, 773 F.3d at 484. Although Aultman's amended complaint asserted that the Facility deducted money from his inmate account without either of these due process protections, the District Court's analysis focused exclusively on the alleged lack of a post-deprivation grievance process. We recognize that the District Court issued its decision a few months

---

[3] We note that the District Court properly considered the documents attached to the amended complaint in deciding defendants' motions to dismiss. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

6

before our ruling in <u>Montanez</u>.  Nevertheless, because Aultman's amended complaint sufficiently alleged that he was not provided with notice that the $100 fee would be deducted from his inmate account, the portion of the District Court's May 27, 2014 decision dismissing his due process claim must be vacated.[4]

Based on the foregoing, we will affirm in part and vacate in part the dismissal of Aultman's amended complaint.  We will remand for further proceedings consistent with this opinion.

---

[4] Appellees argue that Aultman's due process claim is untimely because the $100 fee was assessed in September 2011, and he did not file this action until November 2013.  <u>See</u> <u>Montanez</u>, 773 F.3d at 480 ("The statute of limitations for a § 1983 claim arising in Pennsylvania is two years.").  However, based on the inmate account records attached to Aultman's amended complaint, it appears that the Facility did not begin deducting the fee from his inmate account until March 8, 2012.  Because the statute of limitations does not begin to run until prison employees actually deduct the money from the inmate's account, <u>see</u> <u>id.</u>, we cannot conclude on this record that Aultman's due process claim is time-barred.