BLD-334                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2071
_____

HENRY F. WORTHINGTON, JR.,
Appellant

v.

COUNTY OF NORTHAMPTON;
PRIME CARE MEDICAL EMPLOYEES;
NORTHAMPTON COUNTY PRISON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. 5-13-cv-06292)
District Court Judge:  Honorable Edward G. Smith

_____

Submitted for Possible Dismissal Due to Jurisdictional Defect, Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 11, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed September 17, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Henry F. Worthington, Jr., an inmate, appeals the dismissal of his 42 U.S.C. § 1983 lawsuit. Because we write only for the parties, who are familiar with this case, we recite only those facts necessary to the disposition of Worthington's appeal. Worthington alleged that as he was being bussed from a prison in Florida to Northampton County Prison ("the Prison"), he was seriously injured when the transport-bus was involved in an accident. Once he arrived at the Prison, he received only a brief medical screening, and someone told him he would be "placed on the medical call out for further [a]ttention." After waiting several days without further treatment, he filed a "medical sick call slip." He then met with a nurse and a physician's assistant who gave him Naprosyn for pain. Worthington maintained that the pain persisted, and he was seen twice by the "head of medical," who did not prescribe any further treatment. He then filed suit against the Prison, the County of Northampton ("the County"), and Prime Care Medical ("Prime Care"), and its unnamed employees, who apparently provide medical services to inmates at the Prison. He claimed the defendants violated his Eighth Amendment right to medical care and were deliberately indifferent to his serious medical needs.

The Prison and the County filed separate motions to dismiss. The District Court granted the motions, concluding that the Prison was not properly subject to suit under 42 U.S.C. § 1983, and that Worthington had not alleged facts sufficient to support claims against the County. The District Court sua sponte dismissed the claims against Prime

2

Care and its employees pursuant to the court's screening obligations under 28 U.S.C. § 1915A. Although the District Court dismissed the claims against the Prison with prejudice, the court gave Worthington thirty days to file an amended complaint against the County and Prime Care or its employees.[1] Instead, he filed a notice of appeal, and, in a letter to this Court, he made clear his election to stand on his complaint and appeal the dismissal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001). We may summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court properly dismissed Worthington's Eighth Amendment claims. At the outset, we note that the District Court correctly applied the Eighth Amendment standard to Worthington's claims, irrespective of whether, as a pre-trial detainee in Pennsylvania, he should have pleaded his claims under the Due Process Clause of the

---

[1] Worthington's renewed request for an appointment of counsel was also before the District Court. The District Court noted that on May 28, 2014, it referred Worthington's case to the Prisoner Civil Rights Panel, but that no volunteer attorneys had offered to represent him.

[2] Although the District Court provided Worthington leave to file an amended complaint on or before April 23, 2015, Worthington chose to stand on his complaint. Therefore, the District Court's dismissal order is final and appealable, and we have jurisdiction to review it. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam).

Fourteenth Amendment.[3]  See Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003).  As the District Court concluded, when evaluating a pre-trial detainee's claim for inadequate medical care under the Fourteenth Amendment, this Court applies the Eighth Amendment standard established in Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Natale, 318 F.3d at 581.  To state an Eighth Amendment claim, a prisoner-plaintiff must plead facts that demonstrate "deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  As the District Court correctly observed, negligence and malpractice do not constitute Eighth Amendment violations.  See id. at 105-06.  Mere disagreement over the proper course of treatment is likewise insufficient.  See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).  Here, Worthington's allegations make it clear that he received medical treatment after the accident—he met with a nurse and a physician's assistant and was seen twice by the head of medical, and he was prescribed Naprosyn to manage his pain.  Neither Worthington's disagreement with this treatment nor its alleged inadequacy raises an inference of deliberate indifference.  See, e.g., Estelle, 429 U.S. at 107 (explaining that "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment" and that "[a] medical decision not to order an X-ray . . . does not represent cruel and unusual punishment" because, at most, it might constitute malpractice).  Moreover, Worthington has not alleged with specificity what injuries went

---

[3] That is because Worthington had yet to be arraigned on charges in Pennsylvania, even

4

untreated, and his vague allegations of "constant[,] continued pain" are insufficient to establish deliberate indifference. Thus we agree with the District Court that Worthington's complaint fails to state a constitutional claim.

Accordingly, we will summarily affirm the District Court's judgment.

though he was a convicted prisoner for criminal charges in Florida.