ALD-262                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2077
_____

LEROY SHELLEY,
                                         Appellant

v.

WARDEN DANA METZGER; RANDALL DOTSON, RHU Manager/disciplinary
appeals Officer; CORPORAL FIGEROA, Correctional Officer
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No.1- 20-cv-00028)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 23, 2020
Before:  MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 15, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

LeRoy Shelley appeals the District Court's order denying his request for injunctive relief and dismissing his complaint for failure to state a claim. For the reasons below, we will summarily affirm the District Court's order.

Shelley, a Delaware prisoner, filed a civil rights complaint and a motion for injunctive relief. He alleged in his complaint that while he was in the SHU (Security Housing Unit), a religious calendar and his television were taken from him due to a privilege policy known as the "quality of life" rules. He filed a grievance requesting an explanation but received no response. He also received a disciplinary sanction of a loss of privileges for five days for possessing the television.

After screening the complaint before service, the District Court dismissed the complaint as frivolous and for failure to state a claim but gave Shelley leave to amend his First Amendment religion claim and his RLUIPA (Religious Land Use and Institutionalized Persons Act) claim. The District Court determined that amendment would be futile with respect to Shelley's other claims. The District Court also denied his request for injunctive relief, determining that Shelley could not show a likelihood of success on the merit of his claims because the complaint failed to state a claim and there was no evidence to support the motion. Shelley filed a notice of appeal. He also filed an amended complaint and motion for injunctive relief which are pending before the District Court.

Before addressing the merits of Shelley's appeal, we address its scope. As noted above, the District Court dismissed Shelley's complaint but gave him leave to amend two

2

claims. Where a District Court has dismissed a proceeding without prejudice, the dismissal is generally not appealable under 28 U.S.C. § 1291 unless the litigant cannot cure the defect or the litigant declares an intention to stand on his pleading, whereupon the District Court's order becomes final. Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam); see also Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019). Here, Shelley is not standing on his original complaint as he has filed an amended complaint. Thus, the scope of the appeal does not include the portion of the order dismissing Shelley's complaint.

We do, however, have jurisdiction over the portion of the order denying Shelley's request for a preliminary injunction pursuant to 28 U.S.C. § 1292(a)(1). We review the denial of a motion for a preliminary injunction for an abuse of discretion but review the District Court's underlying legal conclusions de novo. Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009). To obtain injunctive relief, a party must show a likelihood of success on the merits, irreparable harm if the injunction is not granted, that relief will not cause greater harm to the nonmoving party, and that relief is in the public interest. Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010). The third and fourth factors merge when the Government is the opposing party. Nken v. Holder, 556 U.S. 418, 435 (2009).

In his motion for injunctive relief, Shelley alleged that his religious items and personal property had been confiscated pursuant to an unwritten policy. He contended that he had been denied religious services in the SHU. He requested the return of televisions, radios, and religious articles to inmates in the SHU and for inmates to be allowed to either attend religious services or have their televisions returned so they can

3

view institutional programming.[1]  In his complaint, he also asked that the prison be prohibited from confiscating property that is not contraband and punishing inmates without giving them notice of the rules.  He also asked that one of the defendants be referred to authorities for criminal prosecution.

Shelley has not shown a likelihood of success on the merits of his First Amendment claims.  In the prison context, a central First Amendment inquiry is "whether the inmate has alternative means of practicing his or her religion generally, not whether the inmate has alternative means of engaging in any particular practice."  Fraise v. Terhune, 283 F.3d 506, 518 (3d Cir. 2002) (quoting Dehart v. Horn, 227 F.3d 47, 52 (3d Cir. 2000) (quotations omitted)).  And as we have previously observed, "[i]t is obviously impossible to determine whether a regulation leaves an inmate with alternative ways of practicing the inmate's religion without identifying the religion's practices."  Id. at 518.  While Shelley's filings make clear that his religious calendar was confiscated and that he could not attend religious services, they do not define the scope of his religious practices in a way that plausibly alleges that he lacks any alternative means of practicing his religion.

Compared to the First Amendment, RLUIPA tends to provide a greater level of protection for a prisoner's religious liberty.  Under RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined

---

[1] Because Shelley, as a layperson, cannot represent the interests of others, we will consider the request for injunctive relief as filed only on his behalf.  See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (non-attorney may not represent other parties).

to an institution . . . even if the burden results from a rule of general applicability unless the government demonstrates" that the burden is "in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that . . . interest." 42 U.S.C. § 2000cc-1(a). To evaluate a whether a burden on an inmate's religious exercise is substantial, this Circuit has adopted a disjunctive test:

> For the purposes of RLUIPA, a substantial burden exists where: 1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs.

Washington v. Klem, 497 F.3d 272, 280 (3d Cir. 2007).

From his initial filings, Shelley has not shown a likelihood of success on the merits of his RLUIPA claims because he does not plausibly allege a substantial burden on his religious exercise. Under the first alternative, Shelley does not assert that he faces a forced choice between a generally available benefit and the exercise of his religion. And Shelley's allegations are insufficient to satisfy the second alternative because they do not demonstrate that he was pressured to substantially modify his behavior and violate his beliefs. Shelley seems to recognize as much, and he provides additional allegations in his amended complaint and subsequent motion, which are not presently on appeal.

As for his request for injunctive relief related to the confiscation of property, Shelley also cannot show a likelihood of success. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (post-deprivation remedies provide sufficient due process for deprivations of property). Shelley is not entitled to relief regarding the disciplinary charges, as the loss

5

of five days of privileges as a disciplinary sanction does not trigger due process protections. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Finally, with respect to Shelley's request that a defendant be referred for criminal charges, an individual has no federal right to require the government to initiate criminal proceedings. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also United States v. Berrigan, 482 F.2d 171, 173-74 (3d Cir. 1973) (Government is permitted some selectivity in its enforcement of criminal laws).

The District Court did not abuse its discretion in denying Shelley's motion for injunctive relief. Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. LAR 27.4. For the reasons set forth above, we will summarily affirm the portion of the District Court's April 28, 2020 order denying Shelley's motion for injunctive relief. See 3d Cir. I.O.P. 10.6.