**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-2609 & 23-2610 (consolidated)
_____

NORMAN L. SCOTT, SR.,
                                        Appellant

v.

THE CHILDREN'S HOSPITAL OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action Nos. 2-21-cv-05067 & 2-22-cv-04582)
District Judge:  Honorable Michael M. Baylson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 16, 2024
_____

Before: KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: August 20, 2024)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In these consolidated pro se appeals, Norman Scott challenges the District Court's omnibus decision dismissing his operative pleadings in two employment-discrimination cases pursuant to the doctrine of judicial estoppel. For the reasons that follow, we will affirm that judgment.

I.

Between 2021 and 2022, Scott, proceeding pro se, filed these two lawsuits in the District Court against his former employer, The Children's Hospital of Philadelphia ("CHOP").[1] We will refer to Case No. 2:21-cv-05067 as "Case 1" and No. 2:22-cv-04582 as "Case 2."

In May 2023, the District Court appointed an attorney to represent Scott in these cases. Shortly thereafter, CHOP moved to dismiss both cases pursuant to, inter alia, the doctrine of judicial estoppel.[2] CHOP's judicial-estoppel-based motions argued that the invocation of this doctrine was warranted in view of a bankruptcy schedule that Scott had filed in February 2023 in a Chapter 7 case that he had brought in the United States Bankruptcy Court for the District of New Jersey. In that bankruptcy case, which Scott had brought pro se, he had checked the "No" box on the schedule that required him to disclose whether he had any "[c]laims against third parties," including "employment

---

[1] Scott is a frequent filer in the federal courts. See Appellee's Suppl. App. at 60 (outlining Scott's litigation history).

[2] CHOP also filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss (a) part of the operative pleading in Case 1, and (b) the entire operative pleading in Case 2.

2

disputes." Dist. Ct. Dkt. No. 36-5 in Case 1, at 10; see In re Kane, 628 F.3d 631, 636-37 (3d Cir. 2010) (explaining that a debtor's disclosure obligation under the Bankruptcy Code extends to "causes of action pursued against another party, because such disclosure allows the trustee and the creditors to determine whether to pursue these assets on the creditors' behalf" (internal quotation marks and citation omitted)). The bankruptcy case had ended with the Bankruptcy Court discharging over $600,000 in debt that Scott owed to creditors.

On August 10, 2023, Scott asked the District Court to stay CHOP's judicial-estoppel-based motions to dismiss because, a few days earlier, he had moved the Bankruptcy Court to reopen his bankruptcy case so that he could amend his answer on the aforementioned schedule. Later in the day on August 10, after holding a telephone conference with the parties, the District Court issued an omnibus order that granted CHOP's judicial-estoppel-based motions, dismissed Scott's two cases "without prejudice," and directed the District Court Clerk to mark these cases closed.[3]

Scott then filed a pro se notice of appeal in each case, challenging the District Court's omnibus order. The Clerk of our Court has consolidated these two pro se appeals, and they are now ripe for disposition.[4]

II.

---

[3] The District Court also granted CHOP's Rule 12(b)(6) motions. .

[4] In October 2023, Scott moved the District Court to vacate its omnibus dismissal order. The District Court denied that motion in February 2024. But Scott did not appeal from that February 2024 decision, and thus it is not before us here.

We have jurisdiction over these appeals pursuant to 28 U.S.C. § 1291,[5] and we review the District Court's invocation of judicial estoppel for abuse of discretion. See Kane, 628 F.3d at 636.[6] "Judicial estoppel is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that [he] has previously asserted in the same or in a previous proceeding." MD Mall Assocs., LLC v. CSX Transp., Inc., 715 F.3d 479, 486 (3d Cir. 2013) (citation to quoted case omitted). For this doctrine to apply, "there must be (1) irreconcilably inconsistent positions; (2) adopted in bad faith; and (3) a showing that estoppel addresses the harm and no lesser sanction is sufficient." Id. (citation to quoted case omitted).

The District Court did not abuse its discretion in invoking the doctrine in these two cases. First, Scott's continuing to litigate his claims against CHOP was irreconcilably inconsistent with his February 2023 bankruptcy schedule, which declared that he did not have any claims. Second, when he filed that schedule, he had knowledge of his claims against CHOP (he was already litigating them in the District Court), and he had a motive

_____

[5] Our jurisdiction under § 1291 is limited to reviewing "final" decisions of the district courts. See 28 U.S.C. § 1291. Generally, a decision that dismisses a pleading "without prejudice" is not final "because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). But where, as here, the deficiency cannot be corrected, the without-prejudice dismissal becomes final and, therefore, appealable. See id. at 951-52; cf. Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004) (stating, in an appeal from the dismissal of a case pursuant to Federal Rule of Civil Procedure 41(b), that "a dismissal without prejudice that does not give leave to amend and closes the case is a final, appealable order under 28 U.S.C. § 1291").

[6] As explained later in this opinion, we conclude that the District Court did not abuse its discretion in dismissing these cases on judicial-estoppel grounds. Accordingly, we need not consider the District Court's alternative ground(s) for dismissal.

to conceal them from the Bankruptcy Court (disclosing them might have affected the size of the bankruptcy estate). Under these circumstances, a rebuttable inference of bad faith applies, see Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 321 (3d Cir. 2003) [hereinafter Krystal], and Scott has not put forth any evidence to rebut it.[7] Lastly, we cannot conclude that dismissal of Scott's cases against CHOP was an inappropriate sanction. See id. at 325 (explaining that dismissal on judicial-estoppel grounds "preserve[d] the integrity of the earlier proceedings," and that imposing a lesser sanction "would send a message that a debtor should consider disclosing potential assets only if he is caught concealing them" (internal quotation marks and citation to quoted case omitted)).

In view of the above, we will affirm the District Court's judgment.

---

[7] Although Scott responded to CHOP's motions to dismiss by moving to reopen his bankruptcy proceedings so that he could amend his schedule (and, thereby, disclose his claims against CHOP), that action on his part was insufficient:

> Allowing [the debtor] to back-up, . . . and amend [his] bankruptcy filings, only after [his] omission has been [detected], suggests that a debtor should consider disclosing potential assets only if . . . caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the Bankruptcy Court with a truthful disclosure of the debtor['s] assets.

Krystal, 337 F.3d at 321 (ellipses and fourth alteration in original) (citation to quoted case omitted).