**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1482
_____

BEN GROSS,
                                        Appellant

v.

ROBERT CORMACK
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-13-cv-04152)
District Judge:  Honorable Anne E. Thompson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 25, 2014
Before:  FISHER, VANASKIE and GARTH, Circuit Judges

(Filed: September 29, 2014)
_____

OPINION
_____

PER CURIAM

        Plaintiff Ben Gross appeals pro se from the District Court's order denying his

motion to reconsider the dismissal of his case for failure to state a claim.  For the reasons

that follow, we will affirm the District Court's judgment.

I.

Ben Gross brought this suit in the District Court of New Jersey, alleging that Robert Cormack, an attorney, wrongfully and fraudulently attempted to coerce him to discharge a construction lien, violating several federal criminal statutes in the process. Although the complaint contained sparse factual allegations, the attached exhibits indicated that the alleged threats consisted of two letters that Cormack sent, in his capacity as an attorney, to Gross. In those letters, Cormack demanded that Gross discharge what he characterized as a fraudulent construction lien or face legal action. Cormack also informed Gross that he was not permitted to enter the properties upon which the lien was placed and that he would be treated as a trespasser if he attempted to do so.

The District Court dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e), but it did so without prejudice and, even though it granted Gross an open-ended opportunity to amend, marked the case closed. Gross quickly submitted to the District Court a motion containing additional allegations that Cormack fraudulently conveyed a property in order to impede Gross' collection efforts.[1] The factual details of those allegations were also meager. The District Court denied Gross' motion, noting that Gross still failed to state a claim, if for no other reason than the fact that none of the federal criminal statutes under which Gross sought remedy created a private right of

---

[1] Gross labeled this filing a "motion to reopen." That characterization may have been informed by the District Court's administrative closure of the case despite granting leave to amend. Thus, we construe the motion as an attempt to amend the complaint and not a motion for reconsideration.

2

action.  Gross then submitted another motion to the District Court that contained a list of various federal criminal statutes, but no additional factual allegations.  The District Court construed that filing as a timely motion for reconsideration, which it denied.  Gross appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2]  We exercise plenary review over the District Court's order dismissing the complaint for failure to state a claim.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We review for abuse of discretion the District Court's orders denying leave to amend, Winer Family Trust v. Queen, 503 F.3d 319, 331 (3d Cir. 2007), and Gross' motion for reconsideration, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

## III.

We agree with the District Court that Gross failed to state a claim and find no abuse of discretion in the District Court's orders denying leave to amend and the motion for reconsideration.  As an initial matter, the claims enumerated in Gross' complaint failed because, as the District Court noted, those federal criminal statutes do not provide a

---

[2]  We construe the District Court's order and opinion of December 16, 2013 as a denial of leave to amend after a determination that amendment would be futile, which effectively terminated the case on the merits.  Moreover, Gross expressly stated in his notice of appeal that he intended to stand on the complaint.  See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam).  Pursuant to Federal Rule of Appellate Procedure 4(a)(4), Gross' motion to reconsider tolled the timeframe in which he could file an appeal.

private right of action.  See Wisdom v. First Midwest Bank, 167 F.3d 402, 408 (8th Cir. 1999) (collecting cases determining no private right to action under the federal mail fraud statute); United States v. D'Amato, 507 F.2d 26 (2d Cir. 1974).  "Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals."  Alexander v. Sandoval, 532 U.S. 275, 287 (2001) (internal quotation marks omitted).[3]

Moreover, Gross failed to include sufficient factual allegations to support any of the claims presented.  The scope and nature of Gross' allegations are difficult to discern on the face of the complaint.  The complaint made vague reference to a lien that Gross placed on properties that are purported to be owned by Cormack's clients, who are not named in this action.  In a five-paragraph statement of facts, Gross accused Cormack of coercion, threats, false statements, and fraudulently filing a fictitious transaction. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The requisite degree of specificity is even higher with regard to Gross' allegations of fraud.  See Fed. R. Civ. P. 9(b).  The absence of meaningful factual pleading in Gross' complaint rendered it insufficient.

---

[3]  To the extent that Gross' allegations were intended to include claims of common-law fraud or to seek other remedies based on state law, we read the District Court's orders as declining to exercise supplemental jurisdiction over any state law claims.  See 28 U.S.C. § 1367(c).

Those insufficiencies remain even if we take into account all of the documents and additional allegations that Gross submitted to the District Court in his subsequent motions. Gross' motion to reopen the case contained a statement that Cormack falsely conveyed property in order to thwart collection efforts. It did not, however, provide sufficient factual context for those assertions. By way of illustration, Gross failed to describe with detail the nature or extent of his rights and interests in the conveyed property or how the alleged transfer affected those rights and interests. And while Gross attached exhibits indicating, among other things, that Cormack prepared a mortgage and deed related to a transfer of property interests, those documents alone do not tell enough of a story to permit the inference of any federal cause of action. See Iqbal, 556 U.S. 662.

In his appellate briefing, Gross set forth additional allegations that Cormack conspired to interfere with his right to prayer. Without providing factual details, Gross cited to 18 U.S.C. § 1964 and 42 U.S.C. §§ 1985 (2) and (3).[4] We will not consider issues that are raised for the first time on appeal. See Harris v. City of Phila., 35 F.3d 840, 845 (3d Cir. 1994).

---

[4] In his response, Cormack provided some background on the nature of those claims. According to Cormack, Gross was engaged in state court litigation with Cormack's clients, regarding a structure that he built on one of the properties. In the course of that litigation, Gross complained that he was being excluded from praying in the structure, which had been converted to a shul. The New Jersey Superior Court discharged Gross' lien and denied a motion to compel the property owners to permit Gross to pray on their property. Gross himself did not rely on these factual assertions and, even if he had, they

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

Appellee's motion for leave to file a supplemental appendix is denied.

---

do nothing to cure the deficient complaint upon which Gross expressly chose to stand.