DLD-301                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1246
_____

CHANDLER P. SMITH,

Appellant

v.

BOROUGH OF MORRISVILLE, PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 15-cv-06541)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit L.A.R. 27.4 and I.O.P. 10.6

June 23, 2016
Before: CHAGARES, GREENAWAY, JR., and GARTH, Circuit Judges

(Opinion filed: July 20, 2016)

_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Appellant Chandler Smith, proceeding pro se, appeals from the District Court's order dismissing his complaint. For essentially the reasons set forth by the District Court, we will summarily affirm.

On December 10, 2015, Smith submitted a complaint and an application to proceed in forma pauperis to the United States District Court for the Eastern District of Pennsylvania. The District Court granted Smith's application to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). The District Court discerned that the allegations in the complaint asserted that Smith was prosecuted for disorderly conduct in retaliation for filing a criminal complaint against a Morrisville police officer. Smith was apparently trying to effectuate a "citizen's arrest" against the officer. The District Court also understood that Smith, who identified himself as disabled, purported to be asserting claims under 18 U.S.C. §§ 241 and 242, as well as the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). Smith sought, inter alia, to have his disorderly conduct conviction expunged and to receive "repayment" of his legal fees, fines, and court costs.

The District Court concluded that Smith failed to state a claim under §§ 241 and 242, because those are criminal statutes that do not give rise to civil liability. See D. Ct. Order entered 12/22/15 at 2 (citing Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994)). To the extent Smith might have intended to assert a claim under 42 U.S.C. § 1983, the District Court concluded that he failed to do so

_____

constitute binding precedent.

2

because the Borough of Morrisville is not liable under § 1983 absent a municipal policy or custom that caused the constitutional violation. Smith suggested no such policy or custom. Id. (citing Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978)). The court determined that Smith likewise failed to state a plausible claim for retaliatory prosecution, because his claim was supported only by conclusory allegations and no factual basis establishing the absence of probable cause for his disorderly conduct prosecution. Id. (citing Hartman v. Moore, 547 U.S. 250, 252 (2006)). Any intended claim of malicious prosecution fared no better, given Smith's failure to adequately plead such a claim. Id. at n.2 (citing Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (en banc)).

The District Court concluded its analysis of Smith's civil rights claims by noting that his claims are not cognizable in any event, "because a plaintiff may not recover damages or other relief based on an alleged unconstitutional conviction unless that conviction 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Id. (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). At the time Smith submitted his complaint, his appeal of the disorderly conduct conviction was pending in the Pennsylvania Superior Court. Id. at 1 (citing Commonwealth v. Smith, Docket No. 2726 EDA 2015 (Pa. Super. Ct.)).

3

Finally, although Smith referenced the ADA and RA, and noted that he has a disability (he walks with a prosthetic left leg), the District Court concluded that his complaint does not clearly allege how he was discriminated against on the basis of that disability. Thus, the court determined that he failed to state a claim under those statutes. Id. at 3. Accordingly, the District Court dismissed the complaint without prejudice pursuant to § 1915(e)(2)(B)(ii), and provided Smith thirty days to file an amended complaint.

Smith timely filed an amended complaint. In screening the amended complaint, however, the District Court concluded that it does not rectify the noted deficiencies and state a plausible basis for those claims; instead, it "details an entirely different set of facts and asks for a completely different form of relief than was set out in his complaint." See D. Ct. Order entered 1/20/16 at 1 n,1. In particular, Smith's new complaint asserted that the elevator at the Morrisville Public Library was not functioning on certain days during the period from 2012 to 2014, and that he was harassed by Morrisville employees for having complained about disability access at the library. Smith requested both damages and an injunction "to ensure the Morrisville Public Library lift serves its intended purpose of providing disability access." See Am. Compl. at 5. The District Court dismissed Smith's amended complaint without prejudice to his right to refile it as a new civil action.

Smith appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and exercise plenary review over the District Court's dismissal of Smith's complaint for failure to state a claim under § 1915(e). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We conclude that the District Court properly dismissed Smith's complaint. Even construing his initial pro se submission liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), we determine that Smith fails to state any claim for relief for the reasons thoroughly discussed by the District Court.

Additionally, given the record in this case, we cannot conclude that the District Court erred in determining that the allegations in the proposed amended complaint did not arise from or relate to the same events set out in Smith's original complaint, but instead detailed an entirely different set of facts and requested a different form of relief. Under these circumstances, we find no abuse of discretion on the part of the District Court in determining that allowing Smith leave to amend his complaint a second time would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be

---

[1] "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). "Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." Id. at 951-52. In this case, Smith has already filed an amended complaint within the time afforded by the District Court and, as will be discussed, he cannot cure the deficiency in the proposed amended complaint by further amendment. Thus, the District Court's order is final within the meaning of § 1291.

futile).  The District Court acted appropriately in requiring Smith to pursue those claims in a separate civil action.

Accordingly, because the appeal presents no substantial question, we will summarily affirm the District Court's order of dismissal.  See Third Circuit LAR 27.4 and I.O.P. 10.6.