**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2429
_____

ANTHONY DELBRIDGE,
Appellant

v.

K. ANTHONY THOMAS; A.U.S.A. MARY E. TOSCANO

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 2-18-cv-09707)
District Judge: Honorable Jose L. Linares

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 15, 2018

Before: AMBRO, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: November 21, 2018)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Anthony Delbridge, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey dismissing a complaint he brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971). We will affirm the judgment of the District Court.

Delbridge was arrested on April 14, 2015 after a United States Probation Officer filed a petition alleging that he had violated the conditions of his supervised release from prison. The matter was stayed pending the resolution of charges in state court. Delbridge was placed on home confinement but was later detained on new state court charges. The Probation Officer asserted that Delbridge had violated his bail conditions. On April 2, 2018, after a hearing, a Magistrate Judge ordered Delbridge's detention pending a final hearing on the revocation of his supervised release.

On or about May 30, 2018, Delbridge filed a complaint against the Assistant United States Attorney asserting that she made false statements at the April 2, 2018 hearing in order to detain him beyond the applicable sentence. He stated that he was denied bail and is wrongfully imprisoned. He also sued the Federal Public Defender, who he alleged failed to return his calls and provide transcripts that the Court had requested. Delbridge sought money damages for violations of his Fifth and Fourteenth Amendment rights.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Noting that Delbridge's claim would in fact be for malicious prosecution because he was being held with the institution of legal process, the District Court dismissed the claim

2

because his final violation hearing had not yet occurred and he could not make the requisite showing that the proceedings had terminated in his favor. See Halsey v. Pfeiffer, 750 F.3d 273, 296-97 (3d Cir. 2014). The District Court noted that, even if he could show a favorable termination, the Assistant United States Attorney was likely entitled to immunity from suit. The District Court dismissed Delbridge's claim against the Federal Public Defender on the grounds that he is immune from civil liability and not a federal actor. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).[1]

Since the dismissal of the complaint, the District Judge presiding over the petition for revocation of supervised release dismissed the petition because the April 2015 arrest warrant was filed after Delbridge's active term of supervised release had expired. The District Judge ordered Delbridge's immediate release.

To the extent the dismissal of the violation petition constitutes a favorable termination in connection with Delbridge's claim against the Assistant United States Attorney, dismissal of the claim was still warranted based on her absolute immunity to

_____

[1]To the extent the Assistant United States Attorney suggests that we may lack jurisdiction because the complaint was dismissed without prejudice, jurisdiction is not wanting because Delbridge could not have amended the complaint and cured its deficiencies. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam).

suit.  See <u>Burns v. Reed</u>, 500 U.S. 478, 489-90 (1991) (holding prosecutor was absolutely immune for actions at probable cause hearing and recognizing immunity for false statements in judicial proceedings).  Delbridge's claims against the Federal Public Defender were also properly dismissed because he did not act under color of federal law for purposes of <u>Bivens</u>.  See <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law under 42 U.S.C. § 1983 when performing a lawyer's traditional functions in a criminal proceeding).

Accordingly, because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.