**DLD-117**                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2981
_____

GENNARO RAUSO,
                                Appellant

v.

WARDEN SCHUYLKILL FCI; CLERK OF COURTS FOR THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF PA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 1-17-cv-00720)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2019

Before: JORDAN, GREENAWAY, JR., and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 2, 2019)
_____

OPINION*
_____

PER CURIAM

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gennaro Rauso, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania denying his motion to vacate and reconsider an order denying reconsideration of the dismissal of his habeas petition. For the reasons that follow, we will affirm.

Rauso filed a habeas petition pursuant to 28 U.S.C. § 2241 claiming that the Clerk of the United States District Court for the Eastern District of Pennsylvania failed to enter his motions and papers on the docket of his criminal case and returned his papers to him in violation of his right of access to the courts. The District Court ruled that Rauso's claims were not cognizable in a habeas action, dismissed his petition, and denied his motion for reconsideration. We affirmed the judgment of the District Court.

In addition to filing an appeal, Rauso filed in District Court a motion to vacate and reconsider the order denying his motion for reconsideration. He argued that the District Court did not properly address that motion, which had asserted that the Court exceeded its judicial power by dismissing his habeas petition without liberally construing it, making findings as to its merit, and taking judicial notice of facts. He also reiterated that the Clerk had unlawfully refused to docket his submissions. The District Court denied the motion on the ground that Rauso did not meet the standard for reconsideration and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C § 1291 to review the District Court's denial of post-judgment relief. The arguments Rauso has advanced in this Court in support of his appeal are not very clear. He appears to assert that the District Court

2

lacked the judicial power to dismiss his habeas petition without giving him a further opportunity to be heard or addressing whether he was entitled to relief. These arguments, to the extent they are properly before us, are meritless as his claims were not cognizable.

Rauso also argues that we lack appellate jurisdiction because the District Court has not issued a final order in his case, that we should remand his case to District Court for a ruling pursuant to Federal Rule of Civil Procedure 54(b), and that the District Court violated the separate document rule in Rule 58(a). Rules 54(b) and 58(a), however, have no application here. To the extent Rauso contends that the District Court has not issued a final order because it dismissed his petition without prejudice, it is generally true that a dismissal without prejudice is not a final order because the deficiency can be corrected without affecting the cause of action. Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). However, Rauso could not correct his petition because his claims were not cognizable. The dismissal order is thus a final order. See id. at 951-52.

Finally, Rauso does not appear to pursue on appeal grounds raised in his motion below – that the District Court should have also considered his prior motion for reconsideration under Rule 60(b) and that it did not apply the correct standard for a motion for reconsideration. To the extent Rauso seeks to pursue these grounds, we need not address them because, even if the District Court erred, he did not show that he was entitled to relief under Rule 59(e) or Rule 60(b).

3

Because this appeal does not raise a substantial question, we will affirm the

judgment of the District Court.  See Third Cir. L.A.R. 27.4 (providing for summary

action where no substantial question is presented by an appeal).[1]

---

[1]Rauso's motion for an extension of time to file his response to the Court's notice of possible dismissal or summary action and motion to waive the page limitation for the response are granted.  Rauso filed his response with his motion shortly after the deadline.