**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1819
_____

ANTHONY AURIEMMA,
Appellant

v.

BLOOMFIELD MUNICIPAL COURT; BLOOMFIELD POLICE STATION;
ESSEX COUNTY SUPERIOR COURT; APPELLATE COURT;
ESSEX COUNTY LANDLORD/TENANT COURT; ESSEX COUNTY FEE
ARBITRATION;
ESSEX COUNTY ETHICS COMMITTEE; GERALD SALUTI; DR. STEVEN LILIEN;
SEASIDE HEIGHTS MUNICIPAL COURT; SEASIDE HEIGHTS POLICE STATION;
BRICK POLICE; BRICK MUNICIPALITY; OCEAN COUNTY SUPERIOR COURT;
OCEAN COUNTY JAIL; OCEAN COUNTY CHOSEN BOARD OF FREEHOLDERS;
OCEAN COUNTY JUSTICE COMPLEX; OFFICE OF COMMUNICATIONS
AND COMMUNITY RELATIONS ADMINISTRATIVE OFFICES OF THE COURTS;
STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-20-cv-02612)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2021

Before: AMBRO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 4, 2021)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Anthony Auriemma appeals from the order of the District Court for the District of New Jersey dismissing his complaint. For the reasons that follow, we will vacate that order and remand for further proceedings.

Auriemma's initial complaint began with a list of 19 defendants and a demand for $440 million in damages, followed by eight pages of narrative concerning his claims. Auriemma also provided a portion of a form complaint, stating that "civil rights violations and injuries for decades with multiple government agencies" formed the basis for his lawsuit, and that his claims occurred "from about 2003 to 2019." (Compl. at 12-13.) He listed injuries including "PTSD, civil rights violations, wrongfully jailed, illegal sentence, physical injuries... illegal lock outs, corrupt trials…[and] inhuman living conditions in jail." (See id. at 13-14.) Auriemma also submitted a 204-page collection of materials.

The District Court granted Auriemma's application to proceed in forma pauperis. Citing Federal Rules of Procedure 8(a)(2) and 12(b)(6), the District Court found that the facts alleged in the complaint were insufficient to support a claim for relief, noting the "extremely disjointed collection of allegations," where "neither the chronology of those

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

events nor the specifics of each claim are at all clear." (Dist. Ct. Mar. 18, 2020 Order at 1-2.) The District Court dismissed the complaint under Rule 12(b)(6) for failure to state a claim but allowed Auriemma to file an amended complaint within 30 days.

Auriemma filed a notice of appeal, arguing that the court must accept his factual allegations as true under Rule 12(b)(6), and that he provided support for his claims in the materials supplementing his complaint. He appended another set of documents, along with his original complaint. Because Auriemma's notice of appeal was filed within the 30 days allotted for filing an amended complaint, the District Court treated the filing as an amended complaint. The District Court noted that Auriemma raised the same claims against the same defendants concerning "an alleged DUI, a possible eviction or illegal lockout, claims of attorney malpractice and municipal corruption, civil rights violations, vandalism, and assault." (Dist. Ct. Aug. 3, 2020 Order at 1-2.) Again, citing Rules 8(a)(2) and Rule 12(b)(6), the District Court stated that the amended complaint failed to provide a coherent account of the factual or legal bases of his claims. For that reason, the District Court concluded that "the facts alleged in Plaintiff's Amended Complaint are insufficient to support a claim entitling Plaintiff to relief." (Id. at 2.) Thus, the District Court sua sponte dismissed the action under Rule 12(b)(6), for failure to state a claim.

We have jurisdiction under 28 U.S.C. § 1291.[1] Our review of the District Court's sua sponte dismissal of Auriemma's complaint for failure to state a claim is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

_____

[1] Auriemma's notice of appeal pertained to the District Court's initial dismissal order, which became final and appealable when Auriemma declared his intent to stand on his

3

Generally, a court may sua sponte dismiss a complaint under Rule 12(b)(6), but only after service of process. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 n.15 (3d Cir. 2002). The District Court's Rule 12(b)(6) dismissal here occurred before any of the defendants were served, but where (as here) a complaint is filed in forma pauperis under 28 U.S.C. § 1915(a), it is subject to dismissal "at any time" if the district court determines that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Even so, when a complaint is dismissed for failure to state a claim, a district court must give the plaintiff the opportunity to amend the complaint, unless further amendment would be inequitable or futile. See Grayson, 293 F.3d at 108.

In dismissing the case, it appears that the District Court found that Auriemma's complaint did not comply with Rule 8(a)(2)'s requirement of a "short and plain statement" requirement and relied on that finding alone to justify its dismissal of the complaint for failure to state a claim. It is not apparent from the District Court's orders that it considered whether further amendment would be inequitable or futile—that is, assuming that Auriemma were directed to amend his complaint to comply with Rule 8(a)(2), whether Auriemma's complaint would identify appropriate defendants, or whether any of his claims are barred. We will not undertake that analysis in the first instance. We note—as the District Court did—that Auriemma attempted to assert several

complaint by filing an appeal. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam); see also Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Also, after this appeal was docketed, the District Court issued its final order of dismissal, ripening Auriemma's notice of appeal to the extent that it was not already ripe. See Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983).

4

bases for relief, including civil rights violations.[2]  Although we agree with the District Court that Auriemma's complaint was deficient as filed, we cannot conclude on this record that granting Auriemma leave to amend would be inequitable or futile.

Accordingly, we will vacate the District Court's order dismissing the complaint for failure to state a claim.  We will remand so that Auriemma may have an opportunity to file an amended complaint that clearly sets forth his allegations in conformity with Rule 8(a)(2) and identifies his specific legal claims that rely on those facts.  We take no position on Auriemma's likelihood of submitting a complaint that is sufficient to proceed beyond sua sponte dismissal or on the merits of any potential claims.

---

[2] As one example, Auriemma stated that on July 23, 2013, Brick Township police officers handcuffed, harassed, and threatened him while conducting illegal searches of his person and his property.  (See Compl. at 7-8; Am. Compl. at 5.)