**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3352
_____

WINSTON J. BANKS,
                              Appellant

v.

HOWARD TAYLOR, Esq.; JOSEPH FINEMAN, Esq. (deceased); JEROME
TAYLOR (deceased); GINO J. BENEDETTI, Esq. (Septa); AUCLAIR
& GILES LAW OFC; JUDITH TAYLOR (Spouse)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-04644)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted on Appellant's Motion to Remand
and Appellees' Motions to Dismiss
March 30, 2023

Before:  JORDAN, SHWARTZ, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: April 6, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Winston J. Banks appeals from the District Court's order dismissing this action without prejudice for lack of subject-matter jurisdiction. Banks has filed a motion to remand. Appellee Howard A. Taylor has responded with a motion to dismiss this appeal, and appellee Gino J. Benedetti both joins in Taylor's motion and has filed a motion to dismiss Banks's motion. We construe Banks's and Taylor's motions as motions for summary action pursuant to 3d Cir. L.A.R. 27.4 (2011) and 3d Cir. I.O.P. 10.6. So construed, Banks's motion is denied, Taylor's motion is granted, and we will affirm the judgment of the District Court. Benedetti's motion is denied.

I.

Banks previously worked as a bus driver for the Southeastern Pennsylvania Transportation Authority ("SEPTA"). In 1991, while driving a bus, Banks was involved in a collision with a tractor trailer. He later filed a counseled personal injury suit against the owner of the tractor trailer but dismissed it in 1994 after reaching a settlement. (E.D. Pa. Civ. No. 2-93-cv-01917.) Banks then filed a state-court malpractice suit against the lawyers who represented him in the personal injury suit alleging that they wrongfully induced the settlement. The trial court entered summary judgment for the lawyers, and the Superior Court affirmed. See Banks v. Jerome Taylor & Assocs., 700 A.2d 1329 (Pa. Super. Ct. 1997), appeal denied, 723 A.2d 668 (Pa. 1998) (Table).

In this case, Banks filed a complaint and then an amended complaint against individuals (including Taylor) whom he apparently believes represent the estates of his now-deceased personal injury lawyers. He also named as defendants SEPTA's General Counsel (Benedetti) and the law office of the tractor trailer owner. Banks alleged that the

2

injuries he suffered in the 1991 collision have been ongoing and most recently required additional back surgery in 2019. He did not assert any specific claim for relief, but he appeared to seek additional compensation for those injuries. Banks further alleged that several defendants, including Taylor and Benedetti, are residents of Pennsylvania. He identified himself as a Pennsylvania resident as well.

The District Court held a conference with the parties and later dismissed this action without prejudice for lack of subject-matter jurisdiction. The Court reasoned, inter alia, that it lacked diversity jurisdiction because both Banks and several of the defendants are citizens of Pennsylvania. Banks appeals.[1]

II.

Taylor argues that the District Court's dismissal was correct because the Court lacked diversity jurisdiction and otherwise lacked subject-matter jurisdiction. We agree and will affirm the dismissal of this action on that basis.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Benedetti argues that we lack jurisdiction and should dismiss this appeal because the District Court's dismissal without prejudice is not a final decision under § 1291. He relies on our statement in Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam), that a dismissal without prejudice is not a final decision because it invites amendment. But the term "without prejudice" can have another meaning because it is the proper disposition when a court dismisses a case on threshold grounds without reaching the merits. See Merritts v. Richards, __ F.4th __, 2023 WL 2532055, at *4 (3d Cir. Mar. 16, 2023). In that context, a dismissal without prejudice does not mean that the order lacks finality under § 1291. See id. at *4 n.4. Instead, the dismissal without prejudice simply means that the dismissal does not have preclusive effect on the merits. See id. That is the sense in which we understand the District Court's dismissal here. The Court did not mention amendment and instead dismissed the case on threshold grounds and ordered its closure. Thus, the order is final under § 1291 because it ended the suit as far as the District Court was concerned. See Doe v. Hesketh, 828 F.3d 159, 165-66 (3d Cir. 2016).

The District Court held that it lacked diversity jurisdiction under 28 U.S.C. § 1332 because both Banks and several of the defendants are citizens of Pennsylvania. See In re Lipitor Antitrust Litig., 855 F.3d 126, 150 (3d Cir. 2017). Banks has not argued otherwise on appeal. Nor has he argued that the District Court had federal question jurisdiction under 28 U.S.C. § 1331, and nothing in his complaints or other filings reveals any arguable basis to assert any federal claim. Thus, we agree with the District Court that it lacked jurisdiction over Banks's claims.

Banks raises two issues that we briefly address. First, in his motion to remand, Banks asks us to remand to give him additional time to find counsel. Banks requested appointment of counsel in the District Court, which the Court denied. Banks does not directly challenge that ruling. But to the extent that his pro se filings can be liberally construed to do so, the Court did not abuse its discretion in declining to appoint counsel because it denied Banks leave to proceed in forma pauperis. Cf. 28 U.S.C. § 1915(e)(1). Banks also did not assert any claim over which the Court arguably had jurisdiction. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Banks's assertions regarding counsel do not otherwise state any basis to remand this matter.

Second, Banks notes that he is the debtor in an ongoing bankruptcy proceeding at E.D. Pa. Bankr. No. 17-14799 (in which, according to the docket, he is represented by counsel). But Banks does not request any relief in that regard, and we see no need for such relief. To the extent that Banks may believe his present claims are related to his bankruptcy, the District Court's dismissal is without prejudice to his ability to raise his claims in that proceeding if it is otherwise proper for him to do so. The Court's ruling

4

also is without prejudice to Banks's ability to raise his claims in state court if it is otherwise proper for him to do so.  We express no opinion on these issues.

III.

For these reasons, we will affirm the judgment of the District Court.