CLD-155                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1637
_____

WILLIAM PLUMMER,
                    Appellant

v.

WELLPATH; CORRECT CARE SOLUTIONS; DR. ROBERT MAXA;
CHCA KIM SMITH; RNS GARY PRINKEY; DR. BARRY EISENBERG;
CRNP ANDREW LESLIE; RN ESSONNO; DR. DANIEL WECHT;
DR. RICHARD WILLIAMSON; SUPERINTENDENT OVERMEYER;
DORINA VARNER; ASSISTANT KERI MOORE; JOSEPH SILVA,
Director of Health Service; CRNP WILLIAM SUTHERLAND;
SUPERINTENDENT DEREK OBERLANDER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-22-cv-00039)
District Judge:  Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 8, 2023

Before:  SHWARTZ, MATEY, and FREEMAN, Circuit Judges

(Opinion filed: June 26, 2023)

PER CURIAM

William Plummer, proceeding pro se, appeals from the District Court's order granting defendants' motions to dismiss. We will summarily affirm.

Plummer, a state inmate currently housed at SCI-Coal Township, sued numerous defendants, including Department of Corrections ("DOC") administrators, SCI-Forest's medical service provider, employees of the medical service provider, and two independent physicians, pursuant to 42 U.S.C. § 1983. Plummer alleged that, while he was housed at SCI-Forest, all defendants violated the Eighth Amendment in failing to adequately treat his serious back issues, and the medical defendants committed medical malpractice under state law. Dkt. No. 68 at 19. He sought injunctive, compensatory, and punitive relief. *Id.* at 19–20.

The District Court granted Plummer leave to file a supplement to his amended complaint, Dkt. Nos. 147 & 149, and all defendants filed motions to dismiss, Dkt. Nos. 84, 105, 109, 121. A Magistrate Judge recommended granting the motions as to Plummer's Eighth Amendment claims, dismissing the Eighth Amendment claims with

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

prejudice, and declining to exercise supplemental jurisdiction over his state law claims.[1]

Dkt. No. 172. Plummer then filed a motion for leave to further supplement his amended complaint to add new defendants. Dkt. No. 185. The District Court, over Plummer's objections, adopted the Magistrate Judge's recommendation in its entirety. Dkt. No. 189. The Court denied Plummer's motion to supplement without prejudice to his ability to bring a new suit against the new defendants in the appropriate jurisdiction. *Id.* Plummer filed this timely appeal. Dkt. No. 194.

We have jurisdiction under 28 U.S.C. § 1291.[2] We exercise plenary review over the dismissal of the complaint. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 218 (3d Cir. 2015). Upon review, we will affirm because no substantial question is presented on appeal. *See* 3d Cir. L.A.R. 27.4.

---

[1] One of the independent physicians filed a motion for summary judgment as to Plummer's state law claim, which the Magistrate Judge recommended the Court dismiss as moot. Dkt. Nos. 143 & 172 at 36 n.6.

[2] This Court has jurisdiction over this appeal even though a without-prejudice dismissal generally is neither final nor appealable. *See Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). In declining to exercise supplemental jurisdiction, the District Court dismissed Plummer's state law claims without prejudice to Plummer's ability to bring those claims in state court. Dkt. No. 189 at 21. Because Plummer cannot cure the lack of original subject matter jurisdiction, *Borelli* does not preclude the Court's review. *See id.* at 951–52; *cf. Pa. Fam. Inst., Inc. v. Black*, 489 F.3d 156, 162 (3d Cir. 2007) (per curiam) ("*Borelli* does not apply 'where the district court has dismissed based on justiciability and it appears that the plaintiffs could do nothing to cure their complaint.'") (citation omitted).

The District Court properly dismissed Plummer's Eighth Amendment claims against the medical defendants. As Plummer recounted, his medical providers addressed his serious medical condition for seven years prior to the filing of his complaint, during which they responded to his sick calls, prescribed him medication, and conducted examinations and tests. *White v. Napoleon*, 897 F.2d 103, 108–09 (3d Cir. 1990) ("Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation.") (citations omitted). Plummer's mere disagreement with his medical care does not state an Eighth Amendment claim.[3] *Id.* at 110.

The District Court also correctly dismissed Plummer's Eighth Amendment claims against the DOC administrators for lack of personal involvement. Although Plummer alleged that these defendants had knowledge of his medical treatment because they received and reviewed his medical records and grievances, such actions do not establish personal involvement.[4] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988).

---

[3] The District Court properly dismissed Plummer's claims against the medical service provider because he failed to allege any facts about a policy or practice implicating the corporation, as required to hold a private corporation liable under § 1983. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003).

[4] Despite Plummer's objections, the District Court also correctly concluded that, given the defendants' motions to dismiss, the Magistrate Judge properly denied Plummer's requests to compel the production of documents. *See Ashcroft v. Iqbal*, 556 U.S. 662,

The District Court did not abuse its discretion in dismissing Plummer's Eighth Amendment claim with prejudice because amendment was futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Court also did not abuse its discretion in denying without prejudice Plummer's motion to supplement based on futility, as all the defendants Plummer sought to add should be named in a separate lawsuit in the proper federal jurisdiction. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Finally, as Plummer failed to state a claim under federal law, the District Court acted within its discretion in declining to exercise jurisdiction over supplemental state law claims.[5] *See Doe v. Mercy Cath. Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017).

Accordingly, we will affirm the judgment of the District Court.

---

685–86 (2009); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting them to discovery.").

[5] Given the decision not to exercise supplemental jurisdiction, the District Court properly dismissed the independent physician's motion for summary judgment on Plummer's state law claim without prejudice to the physician's ability to assert the motion in state court.