**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-2926, 23-2927, & 23-2928 (consolidated)
_____

RENEE CHRUSTOWSKI,
                                        Appellant

v.

USPS - MIDDLETOWN POST OFFICE

RENEE CHRUSTOWSKI,
                                        Appellant

v.

RCA MIDDLETOWN POST OFFICE; CASHIER GIANT FOODS;
KOHLS; SOFTLINES/CASHIER TARGET; MACYS INC.

RENEE CHRUSTOWSKI,
                                        Appellant

v.

RUDINA M. CHEEKS; STEPHANIE L. FORD; JAMES GRAY; LOUIS DEJOY;
DELAWARE/PENNSYLVANIA-2, District
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action Nos. 1:23-cv-01027; 1:23-cv-00745; 1:23-cv-00887)
District Judge:  Honorable Colm F. Connolly
_____

Before: KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>.

(Opinion filed: March 11, 2024)
_____

OPINION[*]
_____

PER CURIAM

In the summer of 2023, Renee Chrustowski sought to file three in forma pauperis ("IFP") complaints in the District Court. She submitted a suit against the Middletown Post Office, a Giant Foods and a Kohl's in Middletown, Delaware, and the Target and Macy's at the Christiana Mall in relation to incidents of alleged discrimination in employment in each of those places (D. Del. Civ. No. 1:23-cv-00745). She separately presented a complaint against several employees of the Middletown Post Office, claiming, inter alia, that they neglected to train her and give her a name badge, bullied her, called her names, laughed at her, reduced her hours, and wrote her up for false allegations (D. Del. Civ. No. 1-23-cv-00887). And, shortly thereafter, she again brought claims against the Middletown Post Office (D. Del. Civ. No. 1:23-cv-01027), alleging that she has been denied union representation, harassed, called names, insulted, retaliated against, and deprived of promised work hours.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In October 2023, Chrutowski filed a motion to consolidate the three cases. In an order entered in all three cases, the District Court denied the motion and dismissed the three cases without prejudice to Chrustowski's filing another suit "bringing whatever consolidated complaint she hoped to file in this case." ECF No. 12 in D. Del. Civ. No. 1:23-cv-00745. The District Court reasoned that there was nothing to consolidate because Chrustowski had been granted IFP status in two cases and had a pending IFP motion in the other, and that none of the three cases had been screened or allowed to proceed pursuant to 28 U.S.C. § 1915(e)(2)(B). Chrustowski filed a notice of appeal for all three cases, which opened C.A. Nos. 23-2926, 23-2927, & 23-2928, which have since been consolidated.[1]

We have jurisdiction under 28 U.S.C. § 1291.[2] But we have little to review because, although Chrustowski mentions the order denying consolidation, she does not provide any argument about how the District Court erred. Accordingly, she has forfeited review of the decision denying consolidation. See M.S. by & through Hall v. Susquehanna Twp. Sch.

---

[1] Chrustowski previously asked us to expedite her appeal. We denied her request. See Order of Dec. 19, 2023.

[2] The District Court actions were dismissed "without prejudice," which generally indicates that the dismissal is not final and appealable under 28 U.S.C. § 1291. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). However, we have jurisdiction to consider the District Court's order despite its "without prejudice" designation because Chrustowski can proceed as she requested, with one consolidated case instead of three separate actions, only if she initiates a new action. See id. at 951 (explaining that a plaintiff's ability to correct a deficiency without affecting the cause of action is why a without-prejudice dismissal is neither final nor appealable); cf. Pa. Family Inst., Inc. v. Black, 489 F.3d 156, 162 (3d Cir. 2007) (per curiam) ("Borelli does not apply 'where the district court has dismissed based on justiciability and it appears that the plaintiffs could do nothing to cure their complaint.'") (citation omitted).

Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited claims by failing to raise them in the opening brief).

In her brief, Chrustowski focuses on her claims against Middletown Post Office. She argues that she was discriminated against and mistreated by managers, supervisors, and co-workers. She asks us to award her monetary relief on her claims. However, we cannot consider her claims in the first instance. We are "a court of review, not of first view." O'Hanlon v. Uber Techs., Inc., 990 F.3d 757, 763 n.3 (3d Cir. 2021) (quotation marks and citation omitted).

Chrustowski also asks us to reconsider our decision denying her request to expedite her appeal. We deny her request because the motion to expedite was appropriately denied. Among other things, she did not show an "exceptional reason that warrants expedition." See 3d Cir L.A.R. 4.1. Her motion for appointment of counsel and her other pending motions also are denied.

For the reasons given above, we will affirm the District Court's judgment.