BLD-162                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1777
_____

UNITED STATES OF AMERICA

v.

DWAYNE GARY,
a/k/a
"WHEEZY,"
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:20-cr-00448-001)
District Judge:  Honorable Cynthia M. Rufe

_____

Submitted on the Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 1, 2024
_____

Before:  BIBAS, MATEY, and CHUNG, Circuit Judges

(Opinion filed: August 7, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In the United States District Court for the Eastern District of Pennsylvania, Dwayne Gary pleaded guilty to one count of conspiracy to distribute heroin and three counts related to the distribution of heroin. On January 19, 2022, the District Court sentenced him to an aggregate sentence of 108 months in prison and five years of supervised release.[1] Gary did not appeal.

In March 2023, Gary filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that extraordinary and compelling reasons justified his release.[2] See ECF No. 74. Specifically, he contended that he is at a higher risk of becoming seriously ill from COVID-19 in prison because he has hypertension and chronic kidney disease. Id. At 2-3. He also argued that the statutory sentencing ranges for his criminal offenses were altered by the First Step Act of 2018 and that he would receive a lesser sentence today in light of those changes. Id. At 6-7. And he described his rehabilitation as "trul[]y extraordinary." ECF No. 74 at 8. Gary also submitted a motion for appointment of counsel.

The District Court denied Gary's motions. The District Court noted that the risk of serious complications from COVID-19 is mitigated by Gary's vaccination but concluded that regardless of whether Gary "established some degree of medical risk constituting an 'extraordinary and compelling reason,'" the factors set forth in 18 U.S.C.

---

[1] He is currently scheduled to be released on October 11, 2028. https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited July 24, 2024).

[2] The parties agree that Gary satisfied the exhaustion requirements of § 3582 before bringing his motion.

§ 3553(a), including the circumstances of his offenses, weighed against his release. ECF No. 87 at 4. The District Court also acknowledged Gary's efforts to rehabilitate himself but determined that his sentence was "not greater than necessary." Id. At 5 (quoting § 3553(a)). Lastly, the District Court rejected Gary's argument about the First Step Act because (1) the First Step Act was enacted before Gary's indictment, plea, and sentencing, and (2) a claim of sentencing error should be brought under 28 U.S.C. § 2255, not in a § 3582(c) motion. Gary appealed, and the Government filed a timely motion to summarily affirm the District Court's judgment.

We have jurisdiction under 28 U.S.C. § 1291.[3] We review the District Court's order denying a motion for compassionate release for an abuse of discretion and will not disturb the decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We also review an order denying a motion for appointment of counsel for abuse of discretion. See generally Tabron v. Grace, 6 F.3d 147, 155 n.4 (3d Cir. 1993). Upon review, we conclude that the appeal presents no substantial question, see 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6, so

---

[3] Although the District Court denied the § 3582 motion without prejudice, it was only without prejudice to Gary's filing a § 2255 motion to present his sentencing claim. Accordingly, although "without prejudice" designation generally indicates that the dismissal is not final and appealable under 28 U.S.C. § 1291, we have jurisdiction to review the District Court's order because the District Court ruled that Gary cannot proceed without changing his cause of action. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam) (explaining, inter alia, that a plaintiff's ability to correct a deficiency without affecting the cause of action is why a without-prejudice dismissal is neither final nor appealable).

3

we will grant the Government's motion and summarily affirm the District Court's judgment.

A district court "may reduce [a federal inmate's] term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." See § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

We discern no clear error of judgment in the District Court's conclusion that, even if Gary had shown extraordinary and compelling circumstances as required by § 3582(c)(1)(A)(i), the § 3553(a) factors did not weigh in favor of release. The District Court reasonably concluded that several factors—including the seriousness of Gary's offenses, their circumstances (including the fact that he had directed the commission of one of his offenses from behind bars), and the danger he poses to the community— counseled against compassionate release. See § 3553(a)(1) & (2). And regardless of whether a claim of sentencing error can be brought in a § 3582(c) motion, see United States v. Andrews, 12 F.4th 255, 261 (3d Cir. 2021) (holding that nonretroactive changes to sentencing laws could not constitute "extraordinary and compelling" circumstances

4

justifying compassionate relief); but see United States v. Rutherford, C.A. No. 23-1904, order entered Dec. 8, 2023 (asking the parties to brief whether Andrews has been abrogated by an amendment to the Sentencing Guidelines Manual), Gary does not identify a change to a relevant sentencing law.  The First Step Act was enacted in 2018, before, not after, he was sentenced in 2022.  Accordingly, the District Court did not abuse its discretion in denying Gary's motion for compassionate release and motion for appointment of counsel.

The Government's motion to summarily affirm is granted.  We will affirm the District Court's judgment.