**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2639
_____

EMIR CIHAN YAZICI,

Appellant

v.

MAC PARENT LLC,
also known as DIVIDEND RESTAURANT GROUP,
also known as SULLIVANS;
SULLIVAN'S OF PITTSBURGH, LLC,
doing business as SULLIVAN'S STEAKHOUSE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-00658)
Magistrate Judge: Honorable Maureen P. Kelly

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2026
Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: April 29, 2026)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Emir Yazici appeals from the Magistrate Judge's order granting Appellees' motion to dismiss. For the reasons that follow, we will affirm the Magistrate Judge's order.

Yazici filed a pro se employment discrimination complaint after being terminated from his job at a restaurant owned by Appellees. The Magistrate Judge, sitting by consent, dismissed the complaint, concluding that the Title VII claims were time-barred and Yazici had failed to plead claims under the WARN Act or ADEA. Yazici appealed, and we determined that Appellees were not entitled to dismissal of the Title VII claims as untimely. We vacated the Magistrate Judge's order in part and remanded the matter for further proceedings on the Title VII claims. *See Yazici v. Bachicha*, No. 24-1795, 2024 WL 4879755 at *2 (3d Cir. Nov. 25, 2024) (per curiam).

On remand, the Appellees moved to dismiss the Title VII claims for failure to state a claim. The Magistrate Judge concluded that Yazici had not sufficiently alleged that any adverse employment action was taken under circumstances giving rise to an inference of discrimination. She granted the motion to dismiss but gave Yazici the opportunity to amend his complaint. Instead of amending his complaint, Yazici filed a notice of appeal.

Jurisdiction

We first address our jurisdiction over the appeal. Where a District Court has dismissed a proceeding without prejudice, the dismissal is generally not appealable under 28 U.S.C. § 1291 unless the litigant cannot cure the defect or the litigant declares an intention to stand on his pleading, whereupon the District Court's order becomes final. *See Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam) ("Generally, an order which dismisses a complaint without prejudice is neither final nor

2

appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action."); *see also Weber v. McGrogan*, 939 F.3d 232, 240 (3d Cir. 2019) (explaining that "a clear and unequivocal intent to decline amendment and immediately appeal that leaves no doubt or ambiguity can allow us to exercise jurisdiction").

The parties were informed that we would consider possible dismissal of the appeal for lack of jurisdiction. Yazici responded and argued that the District Court case would be dismissed because no amendments were made. Yazici filed in the District Court a document titled "Waiver of Right to Amend" in which he requested that the District Court dismiss the case. He then filed in the District Court a mandamus petition asking that the case be fully dismissed. With his motion to waive his right to amend and other filings, Yazici has clearly expressed his desire to proceed on the complaint without amendment. Accordingly, we have jurisdiction over the appeal.

Merits

Yazici appears to believe that the jurisdictional issue is the only issue before us as he asks that we "[p]ermit this appeal to proceed on the merits once the jurisdictional irregularities are cured." Br. at iv. In our December 15, 2025 order sending the case to briefing, however, we declined to dismiss the appeal for lack of jurisdiction and stated that the panel of the Court that reviewed the merits of the appeal would make a final determination on the jurisdictional issue. Thus, the merits of the appeal are before us.

The Magistrate Judge concluded that Yazici failed to state a claim of discrimination because he had not alleged sufficient facts that any adverse employment

3

action was taken under circumstances giving rise to an inference of discrimination.  In his brief, Yazici does not challenge this conclusion.[1]

In his reply brief, Yazici argues that the Magistrate Judge violated our mandate when she dismissed his claims.  He appears to believe that we held that his claims were timely and sufficiently pleaded.  We did not.  In our prior opinion, we concluded that *on the record then before us*, "Appellees were not entitled to the dismissal of Yazici's Title VII claims as untimely."  *Yazici*, 2024 WL 4879755 at *2.  We explicitly noted that we were expressing "no opinion regarding the timeliness of the EEOC charge or the merits of Yazici's Title VII claims."  *Id.*

Yazici also argues in his reply brief that he was entitled to discovery.  However, as noted above, the Magistrate Judge concluded that Yazici had not pleaded factual allegations that would raise a reasonable expectation that discovery would reveal evidence of discrimination.  Yazici has not shown on appeal that the Magistrate Judge erred with this conclusion or that he was entitled to discovery.  Nor did the Magistrate Judge err, as Yazici suggests, by not requesting any employment records.  *Cf. Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243 (3d Cir. 2013) (noting that "pro se litigants do not have a right to general legal advice from judges").

For the above reasons, we will affirm the Magistrate Judge's order.  Yazici's motions are denied.

---

[1] Yazici argues in his brief that 42 U.S.C. § 1981 establishes timeliness and jurisdiction.  There are, however, no § 1981 claims at issue in this appeal.

4